◼ PAUL R. SIPOS, Appellant, v SHEILA H. KELLY et al., Respondents.— Amended order unanimously modified, on the law, and, as modified, affirmed, without costs, in accordance with the following memorandum: The trial court hearing a contempt proceeding regarding custody, without notice to appellant or appellant's counsel, modified by reducing the appellant father's visitation privileges. Recognizing the broad discretionary power the courts possess in custody matters (Domestic Relations Law, § 240; CPLR 3017, subd [a]), it is nevertheless plainly improper for a trial court to take action and grant relief without the matter being properly before it or without appropriate notice to one of the parties affected. The statute itself provides that upon an application the court may modify a previous direction with respect to the right to visitation "after such notice to the other party * * * and given in such manner as the court shall direct" (Domestic Relations Law, § 240). We agree with appellant's contention that informal

notice during the course of the proceeding that undemanded relief would be granted does not constitute adequate notice and prejudices him (Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 3017:6, p 115). Consequently, that part of the order appealed from may not stand. Respondent may be able to demonstrate that the appellant's right to visitation should be modified. However, such an application, should respondent be so advised, must be upon appropriate notice to appellant. (Appeal from order of Erie Supreme Court—contempt.) Present—Cardamone, J. P., Dillon, Hancock, Jr., Schnepp and Witmer, JJ.