■ In the Matter of DONALD C. O., Respondent-Appellant, v CAROLYN D. V. B., Appellant-Respondent. [637 NYS2d 907] —Order unanimously modified on the law and as modified affirmed without costs and matter remitted to Oswego County Family Court for further proceedings in accordance with the following Memorandum: Family Court erred in granting respondent mother custody of her child, born out of wedlock, on the condition that she move to within 75 miles of Fulton, New York. The child is the offspring of respondent, a college student from Maine, who resided with petitioner, a local resident, while attending college. Their relationship deteriorated once respondent became pregnant. After the birth of the child, respondent returned to Maine to take a required field study course for her undergraduate degree. In Maine, she was able to work while living with her sister, and family members helped care for the child. She decided to remain in Maine. It was then that petitioner consented to be adjudicated the father and petitioned for custody of the child.

An award of custody is a matter that rests within the sound discretion of the hearing court *(see, Shed v Sofia,* 70 NY2d 997, 998, *affg* 134 AD2d 894; *Matter of Radford v Propper,* 190 AD2d 93, 97). Because such a determination depends upon an assessment of the credibility and character of the parties, the findings of the hearing court, which has the advantage of seeing and hearing the parties and their witnesses, will generally be accorded great deference *(see, Eschbach v Eschbach,* 56 NY2d 167, 173; *Matter of Radford v Propper, supra,* at 97). "Nevertheless, '[a]n appellate court would be seriously remiss if, simply in deference to the finding of a Trial Judge, it allowed a custody determination to stand where it lacks a sound and substantial basis in the record' " *(Matter of Radford v Propper, supra,* at 97, quoting *Matter of Gloria S. v Richard B.,* 80 AD2d 72, 76).

In cases involving the geographic relocation of the custodial parent, as in all other custody proceedings, the primary focus of the court is the best interests of the child, not the mere fact of relocation *(see, e.g., Matter of Jones v Jones,* 65 NY2d 649, *affg* 105 AD2d 535). No single factor is determinative in such

cases, which must necessarily be resolved on their own particular facts *(Matter of Ferguson v Ressico,* 125 AD2d 915, 916). The overriding concern is the best interests of the child, and the best interests determination must be made considering all relevant factors *(Hemphill v Hemphill,* 169 AD2d 29, 36, *appeal dismissed* 78 NY2d 1070).

Here, we are concerned with the rights of an unmarried couple. There is no agreement or prior court order with respect to custody. Thus, the court was faced with cross petitions seeking an initial determination with respect to custody and secondarily with the issue of relocation.

The record establishes that petitioner never sought to be declared the child's father nor sought custody of the child until respondent left New York State to live in Maine. Although petitioner professes to love his child, he has never provided any financial support. In addition, the record indicates that petitioner, who is 36 years old, quit his job in 1993 to return to school. While in Maine, respondent married her former supervisor, who is gainfully employed in that State. Respondent was pregnant at the time of the hearing. Respondent testified that she left the Fulton area because she had no ties to that area, her family was in Maine, she had only a part-time job in Fulton, and she had no way of supporting herself and her child if she stayed in Fulton. Her husband testified that he would lose his job and benefits if he had to relocate with respondent to New York State. In addition, it is undisputed that respondent has never interfered with petitioner's visitation with the child.

Considering the totality of the circumstances, we conclude that Family Court erred in determining that relocation was not in the best interests of the child and in conditioning respondent's custody of the child upon respondent returning to live with her son within a 75-mile radius of petitioner's home in Fulton.

We modify the order on appeal, therefore, by granting respondent's application to relocate and awarding respondent custody of the child without condition, and remit the matter to Oswego County Family Court to establish a visitation schedule. (Appeals from Order of Oswego County Family Court, Roman, J.—Custody.) Present—Green, J. P., Lawton, Fallon, Callahan and Doerr, JJ.