■ In the Matter of RAYMOND LEGRAND et al., Respondents, v DUTCHESS COUNTY et al., Appellants. [699 NYS2d 310] —In a proceeding for leave to serve a late notice of claim pursuant to General Municipal Law § 50-e (5), the appeal is from an order of the Supreme Court, Dutchess County (Bellantoni, J.), dated September 10, 1998, which granted the application.

Ordered that the order is affirmed, with costs.

It is well settled that the determination of whether to grant an application for leave to serve a late notice of claim is left to the sound discretion of the Supreme Court (*see,* General Municipal Law § 50-e [5]; *Matter of Embery v City of New York,* 250 AD2d 611; *Matter of Rudisel v City of New York,* 217 AD2d 702; *Matter of Farrell v City of New York,* 191 AD2d 698). The Supreme Court did not improvidently exercise its discretion in granting the petitioners' application. Mangano, P. J., Ritter, Goldstein and H. Miller, JJ., concur.

■ In the Matter of TONI MCDONALD, Appellant, v SHAWN MINOR, Respondent. [699 NYS2d 308] —In a child custody proceeding pursuant to Family Court Act article 6, the petitioner mother appeals from an order of the Family Court, Kings County (Segal, J.), dated May 6, 1997, which denied her petition to relocate with the parties' son from Brooklyn to Troy, New York.

Ordered that the order is affirmed, with one bill of costs.

The record contains a sound and substantial basis for the trial court's determination (*see, Eschbach v Eschbach,* 56 NY2d 167). The petitioner mother failed to establish by a preponderance of the evidence that the relocation to Troy was in the best interest of the child (*see, e.g., Matter of Tropea v Tropea,* 87 NY2d 727, 739; *Matter of Davis v Davis,* 238 AD2d 708; *Matter of Mendoza v Adamson,* 238 AD2d 737; *Matter of Stearns v Baxter,* 171 Misc 2d 398, *affd* 248 AD2d 794).

In light of our determination, we need not reach the petitioner's remaining contentions. O'Brien, J. P., Santucci, Friedmann and Florio, JJ., concur.