■ RADMILA KASAL, Appellant-Respondent, v JAN KASAL, Respondent-Appellant. (Appeal No. 1.) RADMILA KASAL, Respondent, v JAN KASAL, Appellant. (Appeal No. 2.) [747 NYS2d 38]

The parties executed a so-ordered stipulation, dated January 26, 2001, which was incorporated but not merged into the judgment of divorce dated June 15, 2001. Under the terms of the stipulation, the parties were awarded joint custody of the subject children, with physical custody to the mother and liberal visitation to the father. Further, the stipulation indicated that "[n]either party shall relocate his or her residence outside of the counties of Nassau and/or Queens, without prior permission of the Court or written consent of the other party." The mother subsequently remarried and relocated with the children from Nassau County approximately 80 miles away to her new marital residence in Chester, without court permission or the father's written consent.

The father subsequently moved, inter alia, to hold the mother in contempt for violating the terms of the so-ordered stipulation and for an award of an attorney's fee for enforcement of the stipulation. The mother cross-moved, inter alia, for permission to relocate the children to Chester.

After a hearing, the Supreme Court, inter alia, concluded that it was in the children's best interest to strictly enforce the parties' stipulation, and, therefore, denied the mother's request to relocate with the children to Chester. Although the Supreme Court found that the mother had knowingly and intentionally violated the terms of the so-ordered stipulation by relocating with the children, the court denied that branch of the father's motion which was to hold her in contempt. The Supreme Court also directed the mother to pay 100% of the law guardian's fee, but only 50% of the father's attorney's fee.

The Supreme Court providently exercised its discretion in determining that, under the totality of circumstances, the best interests of the children required enforcement of the custody arrangement negotiated by the parties, and, accordingly, denying the mother's request, inter alia, for relocation (*see Matter of Tropea v Tropea,* 87 NY2d 727; *Eschbach v Eschbach,* 56 NY2d 167).

However, the Supreme Court's denial of that branch of the father's motion which was to hold the mother in contempt was in error, as the court directly contradicted its own findings of fact, which had a sound and substantial basis in the record (*see Matter of Fishel v New York State Div. of Hous. & Community Renewal,* 172 AD2d 835, 837-838). Moreover, pursuant to Judiciary Law §§ 770 and 773, incarceration is not the exclusive punishment to be imposed upon a finding of contempt.

Further, the Supreme Court also erred in only partially granting that branch of the father's motion which was for an award of an attorney's fee by directing the mother to pay only 50% of such fee in light of her admitted violation of the so-ordered stipulation. The Supreme Court's findings required the court to award the father 100% of his attorney's fee incurred in this matter (*see Green v Green,* 288 AD2d 436, 437).

The mother's remaining contentions are without merit. Altman, J.P., H. Miller, Crane and Cozier, JJ., concur.