■ In the Matter of STEFAN PAPASOFF, Respondent-Appellant, v ELIZABETH C. COCKRELL, Appellant-Respondent. [776 NYS2d 798]—

Order, Family Court, New York County (George L. Jurow, J.), entered on or about March 6, 2003, which granted petitioner father's application for counsel fees only insofar as to award him $30,000, unanimously modified, on the law and the facts, to direct that petitioner be awarded the full amount of the fees incurred by him in litigating respondent's relocation of the parties' daughter to Colorado, exclusive of the fees incurred by him in connection with the instant application, and otherwise af-

firmed, without costs, and the matter remanded for a determination of the additional amount to be awarded.

Despite a recent court order denying her permission to do so, respondent mother relocated the parties' child from New York to Colorado. The reasonable legal fees incurred by petitioner father in seeking to undo this unilateral, illegal conduct should have been fully recoverable (*see* Domestic Relations Law § 237 [b]; *Kasal v Kasal*, 297 AD2d 624 [2002], *lv dismissed* 99 NY2d 552 [2002]). Although the fees charged by petitioner's counsel were, as Family Court found, reasonable and well documented, it cannot be readily ascertained from the record which fees were incurred in litigating respondent's decision to relocate and which were incurred in preparing the instant fee application. Inasmuch as the latter are not compensable, we remand for a determination as to the precise amount to which petitioner is entitled.

We have considered respondent's remaining arguments and find them unavailing. Concur—Nardelli, J.P., Andrias, Ellerin and Friedman, JJ.