■■■ In the Matter of MARY E. JONES, Appellant, v JAMES F. TARNAWA, Respondent. [809 NYS2d 742]—

Appeal from an order of the Family Court, Herkimer County

(Henry A. LaRaia, J.), entered April 1, 2004 in a proceeding pursuant to Family Court Act article 6. The order dismissed the petition.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Petitioner commenced this proceeding seeking to modify a prior custody order by awarding her primary custody of the parties' children, thereby permitting the children to relocate with her from Herkimer County to Indiana. Family Court properly determined that petitioner failed to meet her burden of establishing by a preponderance of the evidence that the proposed relocation is in the children's best interests (*see generally Matter of Tropea v Tropea*, 87 NY2d 727, 741 [1996]; *Sawyer v Sawyer*, 242 AD2d 969, 972 [1997]). In considering the factors set forth in *Tropea*, the court properly determined that the children's relationship with respondent would be adversely affected by the proposed relocation because of the distance between Herkimer County and Indiana, and that petitioner failed to establish that the children's lives would "be enhanced economically, emotionally and educationally by the [relocation]" (87 NY2d at 741). Indeed, we note that the sole factor that arguably supports the request of petitioner for the relocation is her desire for a "fresh start" in her new marriage, and "[t]hat factor, standing alone, is . . . insufficient" to warrant the relocation (*Sawyer*, 242 AD2d at 972). Present—Scudder, J.P., Kehoe, Martoche, Smith and Pine, JJ.