■ In the Matter of ALYSON B. BRZOZOWSKI, Also Known as ALYSON PUHN, Also Known as ALYSON COHEN, Appellant, v PAUL T. BRZOZOWSKI, Respondent. [817 NYS2d 127]—

In related proceedings pursuant to Family Court Act article 6, inter alia, to modify the custody provisions of a stipulation of settlement, incorporated but not merged, into a judgment of divorce dated February 1, 2002, the mother appeals, as limited by her brief, from so much of an order of the Family Court, Nassau County (Foskey, J.), dated February 23, 2005, as, after a hearing, (1) denied her petition to relocate with the child to Westport, Connecticut, (2) directed that in the event of her relocation with the child to Westport, Connecticut, the judgment of divorce and stipulation of settlement shall be modified such that, inter alia, physical custody shall be transferred to the father, and (3) in effect, denied as academic her motion to modify the judgment of divorce and stipulation of settlement to grant her sole custody of the child.

Ordered that the order is modified, on the law, by deleting the provision thereof directing that the judgment of divorce and stipulation of settlement shall be modified such that physical custody of the parties' child shall be transferred to the father in the event the mother relocates to Westport, Connecticut; as so modified, the order is affirmed insofar as appealed from, with costs to the father payable by the mother.

The record contains a sound and substantial basis for the

trial court's determination denying the mother's petition to relocate with the child to Westport Connecticut (*see Matter of Tropea v Tropea*, 87 NY2d 727, 739 [1996]; *Eschbach v Eschbach*, 56 NY2d 167, 174 [1982]; *Matter of McDonald v Minor*, 267 AD2d 240 [1999]). The evidence failed to demonstrate that a relocation to Westport, Connecticut, was in the best interests of the child (*see Kasal v Kasal*, 297 AD2d 624, 626 [2002]).

We disagree, however, with the Family Court's direction that "[in] the event the mother relocates to Westport, Connecticut, then [physical] custody of the child . . . shall belong with the father, forthwith." This direction, while possibly never taking effect, impermissibly purports to alter the parties' custodial arrangement automatically upon the happening of a specified future event without taking into account the child's best interests at that time (*see Rybicki v Rybicki*, 176 AD2d 867, 871 [1991]; *see also Matter of Rhubart v Rhubart*, 15 AD3d 936 [2005]; *Matter of Carter v Kratzenberg*, 209 AD2d 990, 991 [1994]).

The mother's remaining contentions are without merit. Crane, J.P., Krausman, Luciano and Rivera, JJ., concur.