In the Matter of TEKESTE B.-M., Respondent, v ZEINEBA H., Respondent. MICHELE A. BROWN, as Law Guardian, Appellant. [830 NYS2d 415]—

Appeal from an order of the Family Court, Erie County (John F. Batt, J.), entered May 12, 2006 in a proceeding pursuant to Family Court Act article 6. The order modified the judgment of divorce.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by vacating the provision transferring custody of the children to petitioner in the event respondent fails to return to Erie County with the children by a date certain and as modified the order is affirmed without costs.

Memorandum: Petitioner father commenced this proceeding alleging that respondent mother had moved to Iowa with the children, without notice to petitioner, and seeking to enforce the judgment of divorce pursuant to which respondent was awarded sole custody of the children, with weekly visitation to petitioner. Following a hearing, wherein respondent was represented by counsel but did not personally appear, Family Court ordered respondent to return to Erie County with the children by a date certain. We conclude that the court erred in further ordering that respondent's failure to comply would result in a transfer of custody to petitioner. Petitioner did not seek a change of custody (*cf. Matter of Tyrone W. v Dawn M.P.*, 27 AD3d 1147 [2006], *lv denied* 7 NY3d 705 [2006]), and there was no evidence presented at the hearing on the issue whether an award of custody to petitioner is in the best interests of the children (*see Labanowski v Labanowski*, 4 AD3d 690, 695 [2004]; *cf. Matter of*

*Heintz v Heintz*, 28 AD3d 1154, 1155 [2006]). Although the unilateral removal of the children from the jurisdiction is a factor for the court's consideration (*see generally Friederwitzer v Friederwitzer*, 55 NY2d 89, 94 [1982]), "an award of custody must be based on the best interests of the children and not a desire to punish a recalcitrant parent" (*Verity v Verity*, 107 AD2d 1082, 1084 [1985], *affd* 65 NY2d 1002 [1985]; *see Labanowski*, 4 AD3d at 695; *see also Heintz*, 28 AD3d at 1155). We therefore modify the order accordingly. Present—Scudder, P.J., Martoche, Smith and Pine, JJ.