In the Matter of JEFFREY BAUM, Respondent, v JOANNE TORELLO-BAUM, Appellant. CASSANDRA BILOTTA, Law Guardian, Nonparty Appellant. [835 NYS2d 677]—

In a proceeding pursuant to Family Court Act article 6 to modify the custody provisions of a stipulation of settlement, incorporated but not merged into a judgment of divorce dated December 16, 2002, the mother and the Law Guardian separately appeal, as limited by their respective briefs, from so much of an order of the Family Court, Rockland County (Christopher, J.), entered October 5, 2006, as, after a hearing, directed that the mother return with the subject child to the New York met-

ropolitan area and reside within a reasonable travel distance of the father's home in Rockland County, and in the event the mother did not relocate the child's residence to a reasonable travel distance from the father's home in Rockland County on or before December 31, 2006, physical custody would be transferred to the father. By decision and order on motion dated November 27, 2006, this Court stayed enforcement of so much of the order as directed the mother to return to the State of New York with the subject child pending the hearing and determination of these appeals.

Ordered that the order is modified, on the facts, by deleting therefrom the date "December 31, 2006," and substituting therefor the date "July 1, 2007"; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The parties were married in September 1992. They had one child, who was born on January 17, 2000. On July 12, 2002 the parties executed a stipulation of settlement which provided for joint custody, awarding the mother physical custody of the child and awarding the father liberal visitation. The parties also agreed that, upon the sale of the marital residence in Rockland County, New York, the mother and child would relocate to the State of Florida. The parties were divorced by judgment dated December 16, 2002, which incorporated but did not merge the stipulation of settlement. In September 2002 the mother moved to Florida where she entered culinary school. In March 2005 the mother moved with the child to Napa, California, to pursue a career in the food and wine industry. In September 2005 the father instituted this proceeding to modify the judgment of divorce to change custody unless the mother returned with the child to Rockland County.

After a hearing, the Family Court, in the order appealed from, conditionally transferred physical custody of the child to the father if the mother failed to reestablish residence in the New York metropolitan area within a reasonable travel distance of the father's home in Rockland County. This appeal ensued, and enforcement of the order appealed from was stayed pending the determination of the appeal.

The record contains a sound and substantial basis for the Family Court's determination that the best interests of the child required the mother to return with the child from California to New York (*see Matter of Tropea v Tropea*, 87 NY2d 727, 739 [1996]; *Matter of Brzozowski v Brzozowski*, 30 AD3d 517 [2006]; *Kasal v Kasal*, 297 AD2d 624 [2002]; *Matter of McDonald v Minor*, 267 AD2d 240 [1999]). Thus, we modify the order appealed from only to change the date the child's residence is to be relocated to New York.

The mother's remaining contentions are without merit. Crane, J.P., Florio, Covello and Angiolillo, JJ., concur.