■ In the Matter of PAMELA H., Respondent, v CORDELL W., JR., Appellant. [841 NYS2d 907]—

Appeal from an order of the Family Court, Monroe County (Anthony J. Sciolino, J.), entered May 15, 2006 in a proceeding pursuant to Family Court Act article 6. The order granted petitioner sole custody of the child, granted permission for the child to relocate out of state with petitioner and awarded visitation to respondent.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Contrary to respondent father's contention, Family Court properly granted that part of the petition seeking permission for the parties' child to relocate out of state with petitioner mother. In determining that the relocation was in the best interests of the child, the court properly considered the factors set forth in *Matter of Tropea v Tropea* (87 NY2d 727, 740-741 [1996]), as well as the effect of the child's relocation on extended family relationships and the fact that petitioner has been the primary caretaker of the child (*see Fruchter v Fruchter*, 288 AD2d 942 [2001]; *Matter of Boyer v Boyer*, 281 AD2d 953 [2001]). The court also considered petitioner's unsafe living conditions in Rochester, which resulted in part from the failure of respondent to satisfy his child support and other financial obligations. We further reject respondent's contention that *Tropea* is inapplicable because the parties were "equal custodial caretakers" (*Matter of Sara P. v Richard T.*, 175 Misc 2d 988, 992 [1998]). Present—Scudder, P.J., Martoche, Lunn, Peradotto and Green, JJ. [*See* 12 Misc 3d 1159(A), 2006 NY Slip Op 50969(U).]