In the Matter of BRADLEY W. MURPHY, Respondent, v REA M. PEACE, Appellant. [899 NYS2d 493]—

Appeal from an order of the Family Court, Cattaraugus County (Lynn L. Hartley, J.H.O.), entered October 26, 2009 in a proceeding pursuant to Family Court Act article 6. The order denied the petition of respondent to modify a prior custody order.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs, and respondent is directed to return the child to petitioner at the expense of respondent within five days after service of the order of this Court with notice of entry.

Memorandum: Respondent mother appeals from an order that denied her petition seeking to modify a prior custody order by granting permission for the parties' child to relocate with her to Addison, New York. We affirm. Relying on *Matter of Sara P. v Richard T.* (175 Misc 2d 988, 992-993 [1998]), the mother contends that, because the parties are joint custodial parents, the Judicial Hearing Officer (JHO) erred in applying the relocation standard set forth in *Matter of Tropea v Tropea* (87 NY2d 727, 740-741 [1996]). That contention is raised for the first time on appeal and thus is not properly before us (*see* CPLR 5501 [a] [3]; *see generally Matter of Shad S. [Amy C.Y.]*, 67 AD3d 1359 [2009]; *Matter of Wood v Hargrave*, 292 AD2d 795 [2002], *lv denied* 98 NY2d 608 [2002]). In any event, the mother's contention lacks merit (*see Matter of Pamela H. v Cordell W.*, 43 AD3d 1319 [2007]).

A parent seeking permission for a child to relocate with him or her has the burden of establishing by a preponderance of the evidence that the proposed relocation is in the child's best interests (*see Tropea*, 87 NY2d at 741). We conclude that the JHO properly considered the relevant factors set forth in *Tropea*. Further, his determination that the mother failed to establish that the lives of the mother and the child would "be enhanced

economically, emotionally and educationally by the move" has a sound and substantial basis in the record and thus should not be disturbed (*id.* at 741; *see Matter of Cunningham v Sudduth*, 50 AD3d 1623 [2008]; *Matter of Jennifer L.B. v Jared R.B.*, 32 AD3d 1174, 1175 [2006]; *see generally Matter of Battaglia v Hopkins*, 280 AD2d 953 [2001]). "Although the mother cited her desire to promote a relationship between the child and his half sibling as one reason for seeking [permission for] the relocation, she offered no evidence that such relocation was necessary to accomplish [that] goal" (*Matter of Dickerson v Robenstein*, 68 AD3d 1179, 1180-1181 [2009]). Because the court's order was stayed during the pendency of the appeal by an order of this Court, the parties have continued to have alternating periods of physical custody of the child. We thus direct the mother to return the child to the father at the expense of the mother within five days after service of the order of this Court with notice of entry. Present—Scudder, P.J., Centra, Carni, Sconiers and Pine, JJ.