# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**159**
**CAF 11-00650**
PRESENT: SCUDDER, P.J., SMITH, SCONIERS, GORSKI, AND MARTOCHE, JJ.

---

IN THE MATTER OF ADELYN RAMIREZ,
PETITIONER-APPELLANT,

V                                          MEMORANDUM AND ORDER

ERIC L. VELAZQUEZ, RESPONDENT-RESPONDENT.

---

KOSLOSKY & KOSLOSKY, UTICA (WILLIAM L. KOSLOSKY OF COUNSEL), FOR
PETITIONER-APPELLANT.

MARY R. HUMPHREY, NEW HARTFORD, FOR RESPONDENT-RESPONDENT.

ANDREW MICHAEL DUNN, ATTORNEY FOR THE CHILDREN, ONEIDA, FOR MADELYN
V.,  ERIC V. AND LOUIS V.

-----------------------------------------------------------------------------------------------------

Appeal from an order of the Family Court, Oneida County (John E.
Flemma, J.H.O.), entered March 17, 2011 in a proceeding pursuant to
Family Court Act article 6.  The order denied the petition.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum:  Petitioner mother appeals from an order denying her
petition seeking permission for the parties' three children to
relocate from Utica to New York City with her.  On a prior appeal, we
concluded that the mother had established a prima facie case that the
relocation was in the best interests of the children and thus that
Family Court erred in granting respondent father's motion to dismiss
the petition at the close of the mother's proof (*Matter of Ramirez v
Velazquez*, 74 AD3d 1756, 1757).  We therefore reinstated the petition
and remitted the matter to Family Court for further proceedings on the
petition (*id.*).  Upon remittal, the court continued the hearing,
whereupon the father presented evidence regarding his contact and
involvement with the children.  The record establishes that, upon the
consent of the parties, the father has alternate weekend visitation
with the children as well as visitation during all school vacations
and extensive visitation during the summer.  In addition to the
agreed-upon visitation schedule, the parties frequently agree to
additional visitation between the father and the children when the
father is not working, and they occasionally agree to additional
visitation at the mother's request.  The record further establishes
that the children share a close bond with the father's mother and
sister, with whom he lives.  Furthermore, we note that the Attorney
for the Children opposes the relocation petition because of, inter

alia, the negative effect the relocation would have on the relationship between the children and the father.  We thus conclude on the record before us that the court properly determined that the relationship between the children and the father, along with other relatives, would be adversely affected by the proposed relocation (*see Matter of Webb v Aaron*, 79 AD3d 1761, 1761-1762).  Inasmuch as the court's determination that the best interests of the children will not be served by permitting the mother to relocate with them to New York City is supported by a sound and substantial basis in the record, it will not be disturbed (*see Matter of Murphy v Peace*, 72 AD3d 1626, 1626-1627; *see generally Matter of Tropea v Tropea*, 87 NY2d 727, 738-739).

Entered:  January 31, 2012                     Frances E. Cafarell
                                               Clerk of the Court