# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**493**
**CAF 11-00798**
PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, SCONIERS, AND MARTOCHE, JJ.

---

IN THE MATTER OF UCHENNA R. BARLOW,
PETITIONER-APPELLANT,

V                                    MEMORANDUM AND ORDER

DONALD C. SMITH, RESPONDENT-RESPONDENT.

---

TIMOTHY R. LOVALLO, BUFFALO, FOR PETITIONER-APPELLANT.

EVELYNE A. O'SULLIVAN, EAST AMHERST, FOR RESPONDENT-RESPONDENT.

NOEMI FERNANDEZ-HILTZ, ATTORNEY FOR THE CHILDREN, BUFFALO, FOR AALIYAH
A.S. AND BRIANTE S.

---

Appeal from an order of the Family Court, Erie County (E.
Jeannette Ogden, A.J.), entered March 25, 2011 in a proceeding
pursuant to Family Court Act article 6.  The order denied the amended
petition.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum:  Petitioner mother appeals from an order that denied
her amended petition seeking to modify a prior order of custody and
visitation by granting permission for the parties' children to
relocate with her to Detroit, Michigan.  We affirm.  "In seeking such
permission, the mother was required to establish by a preponderance of
the evidence that the proposed relocation would be in the [children's]
best interests" (*Matter of Webb v Aaron*, 79 AD3d 1761; *see Matter of
Tropea v Tropea*, 87 NY2d 727, 741), and the mother failed to meet that
burden.  Contrary to the mother's contention, Family Court "properly
considered the relevant factors set forth in *Tropea*" (*Matter of Murphy
v Peace*, 72 AD3d 1626, 1626).  In considering those factors, "the
court properly determined that the mother failed to establish that her
[children's lives] and her own life would 'be enhanced economically,
emotionally and educationally by the [relocation]' " (*Webb*, 79 AD3d at
1761, quoting *Tropea*, 87 NY2d at 741; *see Murphy*, 72 AD3d at 1626-
1627; *Matter of Jones v Tarnawa*, 26 AD3d 870, 871, *lv denied* 6 NY3d
714).  The court also "properly determined that the children's
relationship with respondent [father] would be adversely affected by
the proposed relocation because of the distance between [Erie] County
and [Detroit]" (*Jones*, 26 AD3d at 871; *see Matter of Ramirez v
Velazquez*, 91 AD3d 1346, 1347; *Webb*, 79 AD3d at 1761-1762), and "the
mother failed to establish that there was a visitation arrangement

that would be conducive to the maintenance of a close relationship between the [children] and the father" (*Webb*, 79 AD3d at 1762; *see Matter of Wood v Hargrave*, 292 AD2d 795, 796, *lv denied* 98 NY2d 608; *cf. Matter of Parish A. v Jamie T.*, 49 AD3d 1322, 1323-1324; *see generally Tropea*, 87 NY2d at 738). Finally, the court identified the existence of an additional relevant factor in this case that weighs against the proposed relocation, i.e., the absence of evidence to suggest that the mother made any attempt to secure mental health services in Detroit (*see generally Tropea*, 87 NY2d at 740).

Entered: April 20, 2012                                    Frances E. Cafarell
                                                          Clerk of the Court