# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

884

CAF 11-01230

PRESENT: SCUDDER, P.J., FAHEY, LINDLEY, SCONIERS, AND MARTOCHE, JJ.

---

IN THE MATTER OF REBECCA L. LANG-LOEB,
PETITIONER-APPELLANT,

V                                                    MEMORANDUM AND ORDER

JOHN F. O'NEILL, RESPONDENT-RESPONDENT.
----------------------------------------------
IN THE MATTER OF JOHN F. O'NEILL,
PETITIONER-RESPONDENT,

V

REBECCA L. LANG-LOEB, RESPONDENT-APPELLANT.

---

RAYMOND W. BULSON, PORTVILLE, FOR PETITIONER-APPELLANT AND RESPONDENT-APPELLANT.

FERN S. ADELSTEIN, OLEAN, FOR RESPONDENT-RESPONDENT AND PETITIONER-RESPONDENT.

CAROLYN KELLOGG JONAS, ATTORNEY FOR THE CHILD, WELLSVILLE, FOR KATHRYN C.O.

---

Appeal from an order of the Family Court, Allegany County (Lynn L. Hartley, J.H.O.), entered April 1, 2011 in a proceeding pursuant to Family Court Act article 6. The order denied the petition of Rebecca L. Lang-Loeb for permission to relocate with the child to Alabama.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by vacating the provision that, if Rebecca L. Lang-Loeb relocates to Alabama, "the Court finds that it would be in the child's best interest that [John F. O'Neill] should be the primary custodian of the child" and as modified the order is affirmed without costs.

Memorandum: Petitioner-respondent mother brought a petition seeking permission to relocate with the parties' daughter to Alabama, where the man to whom she had recently been married resided. Respondent-petitioner father opposed the relocation petition and brought a petition seeking to modify the prior custody order by transferring primary physical custody of the child from the mother to him. Following a fact-finding hearing, Family Court denied both petitions and further ordered that, "should the [mother] relocate to Alabama the Court finds that it would be in the child's best interest

that the [father] should be the primary custodian of the child."

   With respect to the relocation petition, we conclude that the court properly considered the factors set forth in *Matter of Tropea v Tropea* (87 NY2d 727, 740-741) in determining that the mother failed to meet her burden of establishing by a preponderance of the evidence that the proposed relocation is in the child's best interests (*see Matter of Webb v Aaron*, 79 AD3d 1761, 1761-1762; *Matter of Murphy v Peace*, 72 AD3d 1626, 1626-1627). We note that the mother's primary reason for moving to Alabama was that she had obtained a job there that paid her approximately $40,000, but by the conclusion of the hearing she no longer had that job. Although the mother's attorney asserted in his written summation that the mother had other good job offers in Alabama, no evidence had been admitted at trial with respect to those jobs. In any event, as the court stated, the mother made no "attempts to obtain employment in New York State since she voluntarily closed her day care center." Indeed, the mother admitted that she did not send out a single resumé or complete any job applications in New York. Even assuming, arguendo, that the mother established a financial need to move to Alabama, we conclude that the other *Tropea* factors militated against granting her relocation petition.

   We modify the order, however, by vacating the provision that primary physical custody of the child shall be transferred to the father in the event that the mother relocates to Alabama. That provision, "while possibly never taking effect, impermissibly purports to alter the parties' custodial arrangement automatically upon the happening of a specified future event without taking into account the child's best interests at that time" (*Matter of Brzozowski v Brzozowski*, 30 AD3d 517, 518; *see Matter of Carter v Kratzenberg*, 209 AD2d 990; *Rybicki v Rybicki*, 176 AD2d 867, 871).

Entered: October 5, 2012                    Frances E. Cafarell
                                              Clerk of the Court