# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1168**
**CA 12-00643**
PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, SCONIERS, AND MARTOCHE, JJ.

---

BETH ANNE GRANT, PLAINTIFF-APPELLANT,

                      V                              MEMORANDUM AND ORDER

SCOTT C. GRANT, DEFENDANT-RESPONDENT.

---

KENNEY SHELTON LIPTAK NOWAK LLP, BUFFALO (SHARI JO REICH OF COUNSEL),
FOR PLAINTIFF-APPELLANT.

COHEN & LOMBARDO, P.C., BUFFALO (MICHELLE M.F. SCHWACH OF COUNSEL),
FOR DEFENDANT-RESPONDENT.

CHRISTOPHER J. BRECHTEL, ATTORNEY FOR THE CHILDREN, BUFFALO, FOR
GARRETT G., IAN G. AND ALEXIS G.

---

Appeal from an order of the Supreme Court, Erie County (Donna M.
Siwek, J.), entered October 14, 2011. The order denied that part of
the motion of plaintiff seeking permission to relocate with the
parties' children.

It is hereby ORDERED that the order so appealed from is
unanimously modified on the law by vacating the provision that, "if
Plaintiff relocates to Ohio, notwithstanding this Court's Decision,
the Defendant shall be granted custody of the parties' three (3) minor
children with an appropriate access schedule to be arranged between
the children and the Plaintiff" and as modified the order is affirmed
without costs.

Memorandum: Plaintiff mother moved, inter alia, to modify the
parties' custody arrangement by permitting her to relocate to Ohio
with the parties' three children. Pursuant to their custody
arrangement, the parties shared joint custody of the children, but the
mother had primary physical custody and defendant father had
visitation. Additionally, the parties had agreed that the children
would not be removed from Erie County without the father's consent or
in the absence of a court order. The father opposed the mother's
motion and cross-moved for custody in the event that the mother
relocates. Following a hearing regarding only the issue of
relocation, Supreme Court denied that part of the mother's motion
seeking permission to relocate with the children and further ordered
that, "if the [mother] relocates to Ohio, notwithstanding this Court's
Decision, the [father] shall be granted custody of the parties' three
(3) minor children with an appropriate access schedule to be arranged
between the children and the [mother]." The court reserved decision

on all other relief requested by the parties.

We conclude that the court properly considered the factors set forth in *Matter of Tropea v Tropea* (87 NY2d 727, 740-741) in determining that the mother failed to meet her burden of establishing by a preponderance of the evidence that the proposed relocation is in the children's best interests (*see Matter of Murphy v Peace*, 72 AD3d 1626, 1626-1627; *Matter of Seyler v Hasfurter*, 61 AD3d 1437, 1437; *Matter of Jones v Tarnawa*, 26 AD3d 870, 871, *lv denied* 6 NY3d 714). "The determination of the trial court, which heard and observed the witnesses, is entitled to great deference and should not be disturbed where, as here, it had a sound and substantial basis in the record" (*Salerno v Salerno*, 273 AD2d 818, 818; *see Matter of Battaglia v Hopkins*, 280 AD2d 953, 954). We modify the order, however, by vacating the provision that custody of the children will be transferred to the father in the event that the mother relocates to Ohio. That provision, "while possibly never taking effect, impermissibly purports to alter the parties' custodial arrangement automatically upon the happening of a specified future event without taking into account the child[ren]'s best interests at that time" *(Matter of Brzozowski v Brzozowski*, 30 AD3d 517, 518; *see Matter of Carter v Kratzenberg*, 209 AD2d 990, 990; *Rybicki v Rybicki*, 176 AD2d 867, 871).

We further conclude that, contrary to the mother's contention, the court did not fail to render a decision regarding the other relief requested in her motion, but rather expressly reserved decision on those issues. Thus, the mother's remaining contentions are not properly before us.

Entered:  December 28, 2012                    Frances E. Cafarell
                                               Clerk of the Court