Memorandum: Plaintiff mother moved, inter alia, to modify the parties’ custody arrangement by permitting her to relocate to Ohio with the parties’ three children. Pursuant to their custody arrangement, the parties shared joint custody of the children, but the mother had primary physical custody and defendant father had visitation. Additionally, the parties had agreed that the children would not be removed from Erie County without the father’s consent or in the absence of a court order. The father opposed the mother’s motion and cross-moved for custody in the event that the mother relocates. Following a hearing regarding only the issue of relocation, Supreme Court denied that part of the mother’s motion seeking permission to relocate with the children and further ordered that, “if the [mother] relocates to Ohio, notwithstanding this Court’s Decision, the [father] shall be granted custody of the parties’ three (3) minor children with an appropriate access schedule to be arranged between the children and the [mother].” The court reserved decision on all other relief requested by the parties.
We conclude that the court properly considered the factors set forth in Matter of Tropea v Tropea (87 NY2d 727, 740-741 [1996]) in determining that the mother failed to meet her burden of establishing by a preponderance of the evidence that the proposed relocation is in the children’s best interests (see Matter of Murphy v Peace, 72 AD3d 1626, 1626-1627 [2010]; Matter of Seyler v Hasfurter, 61 AD3d 1437, 1437 [2009]; Matter of Jones v Tarnawa, 26 AD3d 870, 871 [2006], lv denied 6 NY3d 714 [2006]). “The determination of the trial court, which heard and observed the witnesses, is entitled to great deference and should not be disturbed where, as here, it had a sound and substantial basis in the record” (Salerno v Salerno, 273 AD2d *1712 818, 818 [2000]; see Matter of Battaglia v Hopkins, 280 AD2d 953, 954 [2001]). We modify the order, however, by vacating the provision that custody of the children will be transferred to the father in the event that the mother relocates to Ohio. That provision, “while possibly never taking effect, impermissibly purports to alter the parties’ custodial arrangement automatically upon the happening of a specified future event without taking into account the child[ren]’s best interests at that time” (Matter of Brzozowski v Brzozowski, 30 AD3d 517, 518 [2006]; see Matter of Carter v Kratzenberg, 209 AD2d 990, 990 [1994]; Rybicki v Rybicki, 176 AD2d 867, 871 [1991]).
We further conclude that, contrary to the mother’s contention, the court did not fail to render a decision regarding the other relief requested in her motion, but rather expressly reserved decision on those issues. Thus, the mother’s remaining contentions are not properly before us. Present — Centra, J.P., Peradotto, Lindley, Sconiers and Martoche, JJ.