# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1211**
**CAF 13-01381**
PRESENT: SMITH, J.P., CENTRA, FAHEY, LINDLEY, AND WHALEN, JJ.

---

IN THE MATTER OF COREY L. BAXTER,
PETITIONER-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

LEAH P. BORDEN, RESPONDENT-APPELLANT.
(APPEAL NO. 1.)

---

CHARLES J. GREENBERG, AMHERST, FOR RESPONDENT-APPELLANT.

PALOMA A. CAPANNA, WEBSTER, FOR PETITIONER-RESPONDENT.

SCOTT A. OTIS, ATTORNEY FOR THE CHILDREN, WATERTOWN.

-----------------------------------------------------------------------------------

Appeal from an order of the Family Court, Jefferson County (Peter A. Schwerzmann, A.J.), entered August 1, 2013 in a proceeding pursuant to Family Court Act article 6. The order, among other things, awarded custody of the subject children to petitioner.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: The mother of the subject children, who is the respondent in appeal No. 1 and a petitioner in appeal No. 2 (mother), filed a petition pursuant to Family Court Act article 6, seeking to modify a prior custody order, and she later filed, inter alia, an amended petition seeking custody. The children's father, who is the petitioner in appeal No. 1 and a respondent in appeal No. 2, also filed a petition seeking to modify the prior custody order. In appeal No. 1, the mother appeals from an order that, among other relief, awarded custody of the children to the father, granted the mother certain specified visitation with them, and ordered the father to pay 75% of the costs of transporting the children for visits. In appeal No. 2, she appeals from an order that, inter alia, dismissed her amended custody petition.

Contrary to the mother's contention in appeal No. 1, Family Court properly determined that the relocation was in the best interests of the children after considering all relevant factors (*see Matter of Tropea v Tropea*, 87 NY2d 727, 740-741), notwithstanding the fact that the father had already relocated with them (*see e.g. Matter of Baum v Torello-Baum*, 40 AD3d 750, 751; *Matter of Donald C.O. v Carolyn D. V. B.*, 224 AD2d 930, 930). "In cases involving the geographic relocation of the custodial parent, as in all other custody proceedings, the

primary focus of the court is the best interests of the child[ren], not the mere fact of relocation" (*Donald C.O.*, 224 AD2d at 930). Here, we agree with the mother that "[t]he removal of [the children] without seeking permission should not be encouraged" (*Schultz v Schultz*, 199 AD2d 1065, 1066). Nevertheless, we note that, "[a]lthough the unilateral removal of the children from the jurisdiction is a factor for the court's consideration . . . , 'an award of custody must be based on the best interests of the children and not a desire to punish a recalcitrant parent' " (*Matter of Tekeste B.-M. v Zeineba H.*, 37 AD3d 1152, 1153). Consequently, after reviewing all relevant factors (*see generally Tropea*, 87 NY2d at 740-741), we conclude that the father met his burden of establishing by a preponderance of the evidence that the relocation was in the best interests of the children (*see Matter of Wahlstrom v Carlson*, 55 AD3d 1399, 1400).

Contrary to the mother's contention in appeal No. 2, the court properly dismissed her amended petition seeking custody of the children. We agree with the mother that she made a " 'showing of a change in circumstances which reflects a real need for change to ensure the best interest[s] of the child[ren]' " (*Matter of Tarrant v Ostrowski*, 96 AD3d 1580, 1581, *lv denied* 20 NY3d 855), and there are several factors that favor an award of custody to her. In reviewing an order of custody, however, we must consider all of the "factors that could impact the best interests of the child[ren], including the existing custody arrangement, the current home environment, the financial status of the parties, the ability of each parent to provide for the child[ren]'s emotional and intellectual development and the wishes of the child[ren]" (*Matter of Marino v Marino*, 90 AD3d 1694, 1695; *see Eschbach v Eschbach*, 56 NY2d 167, 172-174). Upon such review, we conclude that the court's determination that it is in the best interests of the children to award primary physical custody to the father is supported by a sound and substantial basis in the record (*see Matter of Weekley v Weekley*, 109 AD3d 1177, 1178-1179).

We have considered the mother's remaining contentions in both appeals and we conclude that they are without merit. Assuming, arguendo, that the children are aggrieved by the issue raised on appeal by the Attorney for the Children (*cf. Matter of Brittni K.*, 297 AD2d 236, 240), we conclude that the issue is not before us in either appeal because the Attorney for the Children did not file a notice of appeal from either order (*see Matter of Yorimar K.-M.* [appeal No. 2], 309 AD2d 1148, 1149; *Matter of Zena O.*, 212 AD2d 712, 714).

Entered: November 21, 2014                     Frances E. Cafarell
                                               Clerk of the Court