# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**803**
**CAF 14-01000**
PRESENT: SMITH, J.P., PERADOTTO, CARNI, VALENTINO, AND WHALEN, JJ.

---

IN THE MATTER OF SAMANTHA J. MOREDOCK,
PETITIONER-RESPONDENT,

                    V                                    MEMORANDUM AND ORDER

ANTHONY T. CONTI, RESPONDENT-APPELLANT.
-------------------------------------------
IN THE MATTER OF ANTHONY T. CONTI,
PETITIONER-APPELLANT,

                    V

SAMANTHA J. MOREDOCK, RESPONDENT-RESPONDENT.

---

THE ABBATOY LAW FIRM, PLLC, ROCHESTER (DAVID M. ABBATOY, JR., OF
COUNSEL), FOR RESPONDENT-APPELLANT AND PETITIONER-APPELLANT.

TED A. BARRACO, ROCHESTER, FOR PETITIONER-RESPONDENT AND RESPONDENT-
RESPONDENT.

TANYA J. CONLEY, ATTORNEY FOR THE CHILD, ROCHESTER.

---

        Appeal from an order of the Family Court, Monroe County (Patricia
E. Gallaher, J.), entered August 23, 2013 in a proceeding pursuant to
Family Court Act article 6.  The order, among other things, granted
sole custody and primary physical residence of the subject child to
Samantha J. Moredock.

        It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

        Memorandum:  Respondent-petitioner father appeals from an order
that, inter alia, dismissed his petition for enforcement of the
parties' prior custody order and granted petitioner-respondent
mother's petition for modification of that custody order by awarding
her sole custody and primary physical residency of the child.  The
prior order of custody was entered on consent of the parties and
granted the parties joint legal and physical custody of their child.

        We conclude that Family Court properly denied the father's
petition, pursuant to which the father sought the return of the child
from Monroe County, where she was relocated by the mother, to Saratoga
County, where the child resided at the time of the custody order and
where the custody order presumes the child will live.  We also

conclude that the court properly granted the mother's petition.

We agree with the father that the court erred in failing to analyze this matter as one requiring a determination whether the relocation was in the best interests of the child after considering all relevant factors (*see Matter of Tropea v Tropea*, 87 NY2d 727, 740-741).  That determination was required "notwithstanding the fact that the [mother] had already relocated with [the child]" (*Matter of Baxter v Borden*, 122 AD3d 1417, 1418, *lv denied* 24 NY3d 915). Nevertheless, "the record is sufficient for this Court to make [that] determination" (*Matter of Brian C.*, 32 AD3d 1224, 1225, *lv denied* 7 NY3d 717), and we conclude that the mother has demonstrated by a preponderance of the evidence that her relocation of the child was in the child's best interests (*see Tropea*, 87 NY2d at 740-741).  Without the relocation, the mother, who is the child's primary caregiver, would be living in poverty without a stable home.  Relocation was therefore in the best interests of the child because the mother's move to Monroe County economically enhanced the lives of the mother and the child (*see id.; Matter of Scialdo v Cook*, 53 AD3d 1090, 1092).  We agree with the mother and the Attorney for the Child that in this case "economic necessity . . . present[s] a particularly persuasive ground for permitting the . . . move" (*Tropea*, 87 NY2d at 739).  In addition, the child is doing well emotionally, socially and educationally, and she is happy with the current arrangement.

Furthermore, there is no indication that the impact of the relocation on the child has been detrimental to the child's relationship with the father.  The mother helped facilitate and did not interfere with the father's visitation under the current biweekly visitation schedule, and she enabled the father and child to have telephone conversations.  The decreased visitation that the child will have with her half-siblings, while important, is not determinative (*see Matter of Johnson v Johnson*, 202 AD2d 584, 585, *lv denied* 83 NY2d 760, citing *Eschbach v Eschbach*, 56 NY2d 167).  We reject the father's contention that we should not permit relocation because the mother allegedly lied in order to obtain the father's permission to relocate with the child.  The mother testified that she did not lie, and the court, which "was 'in the best position to evaluate the character and credibility of the witnesses,' " found the mother to be more credible (*Matter of Christopher J.S. v Colleen A.B.*, 43 AD3d 1350, 1350-1351). Even assuming, arguendo, that the father's version of events is true, we note that our analysis "must be based on the best interests of the child[ ] and not a desire to punish a recalcitrant parent" (*Baxter*, 122 AD3d at 1418 [internal quotation marks omitted]).  We therefore conclude that relocation with the mother is in the best interests of the child.

We further reject the father's contention that the court erred in awarding the mother sole custody.  The court's determination " 'must be accorded great deference . . . and should not be disturbed where, as here, it is supported by a sound and substantial basis in the record' " (*Christopher J.S.*, 43 AD3d at 1350).  "The court was 'in the best position to evaluate the character and credibility of the witnesses' . . . , and we see no reason to disturb the court's

determination that it was in the best interests of the child to award sole custody to the [mother]" (*id*.).  We conclude that "the record supports the court's determination that joint custody is inappropriate inasmuch as the parties have an acrimonious relationship and are unable to communicate with each other in a civil manner" (*id*. at 1350-1351).  Notably, the court granted the mother an order of protection based on a family offense petition upon determining that the allegations therein were "established by a fair preponderance of the evidence" (*Matter of Parameswar v Parameswar*, 109 AD3d 473, 474).  Finally, we have reviewed the father's remaining contentions and conclude that they are without merit.

Entered:  July 2, 2015                              Frances E. Cafarell
                                                    Clerk of the Court