Matter of Valentin v Mendez (2019 NY Slip Op 06308)





Matter of Valentin v Mendez


2019 NY Slip Op 06308


Decided on August 22, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 22, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, DEJOSEPH, AND CURRAN, JJ.


619 CAF 17-01440

[*1]IN THE MATTER OF JOSE M. VALENTIN, PETITIONER-APPELLANT,
v
NEYDA R. MENDEZ, RESPONDENT-RESPONDENT. 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (JAMES A. HOBBS OF COUNSEL), FOR PETITIONER-APPELLANT. 
MARK D. FUNK, CONFLICT DEFENDER, ROCHESTER (KATHLEEN P. REARDON OF COUNSEL), FOR RESPONDENT-RESPONDENT.
CHRISTINE F. REDFIELD, ROCHESTER, ATTORNEY FOR THE CHILD. 


 Appeal from an order of the Family Court, Monroe County (Thomas Polito, R.), entered July 10, 2017 in a proceeding pursuant to Family Court Act article 6. The appeal was held by this Court by order entered October 5, 2018, decision was reserved and the matter was remitted to Family Court, Monroe County, for further proceedings (165 AD3d 1643 [4th Dept 2018]). The proceedings were held and completed. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Petitioner father appeals from an order modifying the parties' existing custody arrangement by awarding sole legal custody of the subject child to respondent mother and directing that the father's visitation with the child be supervised. We previously held the case, reserved decision and remitted the matter to Family Court to set forth its factual findings supporting the award of sole legal custody to the mother (Matter of Valentin v Mendez, 165 AD3d 1643, 1644 [4th Dept 2018]). Upon remittal, the court issued a written decision in which it set forth its findings of fact, and the court again concluded that it was in the best interests of the child to award sole legal custody of the child to the mother.
Contrary to the father's contention, there is now a sound and substantial basis in the record to support the court's determination that it was in the child's best interests to award sole legal custody to the mother (see generally Matter of Christopher J.S. v Colleen A.B., 43 AD3d 1350, 1350-1351 [4th Dept 2007]). In determining whether modification of a custody arrangement is in the child's best interests, a court must consider all the "factors that could impact the best interests of the child, including the existing custody arrangement, the current home environment, the financial status of the parties, the ability of each parent to provide for the child's emotional and intellectual development and the wishes of the child" (Matter of Marino v Marino, 90 AD3d 1694, 1695 [4th Dept 2011]; see generally Eschbach v Eschbach, 56 NY2d 167, 172-173 [1982]). Furthermore, "a court's determination regarding custody and visitation issues, based upon a first-hand assessment of the credibility of the witnesses after an evidentiary hearing, is entitled to great weight and will not be set aside unless it lacks an evidentiary basis in the record" (Marino, 90 AD3d at 1695 [internal quotation marks omitted]). Here, upon reviewing the relevant factors, including the court's finding that joint custody was no longer feasible because the mother and the father have an acrimonious relationship and an inability to communicate with each other in a civil manner (see Matter of Kleinbach v Cullerton, 151 AD3d 1686, 1687 [4th Dept 2017]; Matter of Moredock v Conti, 130 AD3d 1472, 1474 [4th Dept 2015]; Matter of Gelster v Burns, 122 AD3d 1294, 1296 [4th Dept 2014], lv denied 24 NY3d 915 [2015]), we perceive no basis upon which to set aside the court's award of sole legal custody [*2]of the child to the mother.
Entered: August 22, 2019
Mark W. Bennett
Clerk of the Court