Matter of McMiller v Frank (2020 NY Slip Op 01730)





Matter of McMiller v Frank


2020 NY Slip Op 01730


Decided on March 13, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, LINDLEY, TROUTMAN, AND WINSLOW, JJ.


10 CAF 18-01726

[*1]IN THE MATTER OF ANTHONY MCMILLER, PETITIONER-APPELLANT,
v
NATASHA FRANK, RESPONDENT-RESPONDENT. 






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (KRISTEN N. MCDERMOTT OF COUNSEL), FOR PETITIONER-APPELLANT.
NATASHA FRANK, RESPONDENT-RESPONDENT PRO SE.
ANDREW S. GREENBERG, SYRACUSE, ATTORNEY FOR THE CHILD. 


 Appeal from an order of the Family Court, Onondaga County (William W. Rose, R.), entered September 4, 2018 in a proceeding pursuant to Family Court Act article 6. The order, inter alia, permitted respondent to relocate with the child to North Carolina. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by vacating the third ordering paragraph and replacing it with the following language: "ORDERED, that the father shall have parenting time with the child for six weeks every summer during the child's school summer break, as well as the child's winter (December) break or spring (April) break in alternating school years, beginning with the spring (April) break in the 2019-2020 school year, the winter (December) break in the 2020-2021 school year, and so on;" and as modified the order is affirmed without costs.
Memorandum: After respondent mother moved the subject child to North Carolina without notice to petitioner father, the father commenced this proceeding seeking modification of the prior custody and visitation order by awarding him sole custody and seeking the return of the child to Syracuse. The father appeals from an order that, inter alia, effectively denied the petition by permitting the mother to relocate with the child and modified the father's parenting time. Contrary to the father's contention, Family Court properly determined that the relocation was in the best interests of the child after considering all relevant factors (see Matter of Tropea v Tropea, 87 NY2d 727, 740-741 [1996]; see generally Matter of Michael B. v Latasha T.-M., 166 AD3d 480, 481-482 [1st Dept 2018]; Matter of Baum v Torello-Baum, 40 AD3d 750, 751 [2d Dept 2007]), "notwithstanding the fact that the [mother] had already relocated with [the child]" (Matter of Baxter v Borden, 122 AD3d 1417, 1418 [4th Dept 2014], lv denied 24 NY3d 915 [2015]; see Matter of Moredock v Conti, 130 AD3d 1472, 1473 [4th Dept 2015]). "Although the unilateral removal of the child[ ] from the jurisdiction is a factor for the court's consideration" (Matter of Tekeste B.-M. v Zeineba H., 37 AD3d 1152, 1153 [4th Dept 2007]; see Baxter, 122 AD3d at 1418; see generally Friederwitzer v Friederwitzer, 55 NY2d 89, 94 [1982]), the award of custody " must be based on the best interests of the child[ ] and not a desire to punish a recalcitrant parent' " (Tekeste B.-M., 37 AD3d at 1153; see Baxter, 122 AD3d at 1418). We conclude that there is a sound and substantial basis in the record supporting the court's determination that "relocation would enhance the child['s life] economically, emotionally, and educationally, and that the child['s] relationship with the father could be preserved through a liberal parenting access schedule including, but not limited to, frequent communication and extended summer and holiday visits" (Matter of Gustave v Harris, 176 AD3d 937, 938 [2d Dept 2019]; see generally Matter of Harrington v Harrington, 63 AD3d 1618, 1619 [4th Dept 2009], lv denied 13 NY3d 705 [2009]).
We further conclude, however, that the father's parenting time schedule must be clarified [*2]and modified to comport with the child's school calendar in North Carolina, and we therefore modify the order accordingly. The father and the Attorney for the Child agree that the child does not have a winter break in the month of February. Rather, the child's winter break is in the month of December. Thus, in addition to the six weeks of parenting time afforded during the child's summer vacation, the father should be afforded parenting time during the child's December break or April break, with the breaks being alternated each school year. That schedule will result in the father having parenting time for an extended period in the summer and over one of the child's two breaks each school year.
Entered: March 13, 2020
Mark W. Bennett
Clerk of the Court