Matter of Leonard v Davis (2025 NY Slip Op 05350)

Matter of Leonard v Davis

2025 NY Slip Op 05350

Decided on October 3, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 3, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CURRAN, SMITH, OGDEN, AND HANNAH, JJ.

620 CAF 24-01785

[*1]IN THE MATTER OF WHITNEY LEONARD, PETITIONER-RESPONDENT-RESPONDENT,
v
ERICA DAVIS, RESPONDENT-PETITIONER-APPELLANT. 

SARAH S. HOLT, CONFLICT DEFENDER, ROCHESTER (FABIENNE N. SANTACROCE OF COUNSEL), FOR RESPONDENT-PETITIONER-APPELLANT. 
JULIE CIANCA, PUBLIC DEFENDER, ROCHESTER (JANE I. YOON OF COUNSEL), FOR PETITIONER-RESPONDENT-RESPONDENT. 
MICHAEL J. CAPUTO, ROCHESTER, ATTORNEY FOR THE CHILD. 

 Appeal from an order of the Family Court, Monroe County (Alecia J. Mazzo, J.), entered September 11, 2024, in a proceeding pursuant to Family Court Act article 6. The order, inter alia, granted petitioner-respondent sole legal and primary physical custody of the subject child. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to Family Court Act article 6, respondent-petitioner mother appeals from an order that, inter alia, denied her request to permanently relocate to another state with the parties' child and modified the parties' prior order of custody and visitation by granting petitioner-respondent father sole legal and primary physical custody of the child. We affirm.
Where a parent seeks to relocate with a child, Family Court is "required to determine whether the proposed relocation was in the child's best interests by analyzing the factors set forth in . . . Tropea" (Matter of Betts v Moore, 175 AD3d 874, 874-875 [4th Dept 2019], citing Matter of Tropea v Tropea, 87 NY2d 727, 739-741 [1996]). Thus, contrary to the mother's contention and "notwithstanding the fact that the [mother] had already relocated with [the child,]" the court, in considering the mother's petition seeking, inter alia, permission to relocate, was tasked with making "a determination whether the relocation was in the best interests of the child after considering all relevant factors" (Matter of Moredock v Conti, 130 AD3d 1472, 1473 [4th Dept 2015] [internal quotation marks omitted]; see Matter of Baxter v Borden, 122 AD3d 1417, 1417-1418 [4th Dept 2014], lv denied 24 NY3d 915 [2015]). We further conclude that the court did not err in addressing the mother's request to relocate with the child before addressing the father's petition seeking modification of the parties' prior order of custody and visitation (see generally Moredock, 130 AD3d at 1473).
Contrary to the mother's contention, the court applied the proper standard in reviewing the father's modification petition (see generally Matter of Hudson v Carter, 229 AD3d 1097, 1098 [4th Dept 2024]; Matter of Peay v Peay, 156 AD3d 1358, 1360 [4th Dept 2017]). We reject the mother's further contention that the court erred in granting the father sole legal and primary physical custody. "[A] court's determination regarding custody . . . issues, based upon a first-hand assessment of the credibility of the witnesses after an evidentiary hearing, is entitled to great weight" (Matter of Saunders v Stull, 133 AD3d 1383, 1383 [4th Dept 2015] [internal quotation marks omitted]), and such a determination "will not be disturbed as long as it is supported by a sound and substantial basis in the record" (Sheridan v Sheridan, 129 AD3d 1567, 1568 [4th Dept 2015]; see Matter of Clark v Strassburg, 240 AD3d 1393, 1393 [4th Dept 2025]). [*2]Here, the court's custody determination is supported by a sound and substantial basis in the record (see Matter of Shepherd v Shepherd, 207 AD3d 1250, 1251 [4th Dept 2022], lv denied 39 NY3d 901 [2022]; Matter of Benson v Smith, 178 AD3d 1430, 1431 [4th Dept 2019]).
Entered: October 3, 2025
Ann Dillon Flynn
Clerk of the Court