■ In the Matter of SHANA GUIFFRIDA, Appellant, v ROBERT J. ADAMS, Respondent. (Appeal No. 1.) [716 NYS2d 232] —Order unanimously affirmed without costs. Memorandum: Petitioner appeals from an order denying her petition to relocate with the parties' two children from Auburn, New York to San Diego, California. Petitioner sought to relocate because her mother, who suffers from amyotrophic lateral sclerosis, or Lou Gehrig's disease, would feel more comfortable in the climate of San Diego. Petitioner has always resided in the Auburn area and currently takes care of her mother there. Her mother testified that she does not like to walk outside in the winter in Auburn because she is afraid of falling on the ice. Petitioner and her mother testified that there are treatment facilities in both the San Diego and Auburn areas and that they have relatives in the San Diego area who would provide emotional support for petitioner as her mother's condition worsens. Petitioner testified that, if she is allowed to relocate, she will work at and enroll the children in a private school that is run by her cousin. Petitioner presented no evidence, however, that the children's education in San Diego would be superior to that in Auburn. In addition, petitioner testified that she worked in Auburn before the birth of her children and has obtained a new job in the area now that the children are older.

The testimony of both petitioner and respondent establishes that the children have always had a close relationship with respondent. Respondent has been employed at the same job for over 10 years. He has always exercised his scheduled visitation with the children and has supported them financially. When the children visit with respondent, they also spend time with respondent's mother and two sisters, in addition to other family members.

Family Court considered the relevant factors set forth in *Matter of Tropea v Tropea* (87 NY2d 727, 739-741) and properly concluded that it was in the children's best interests to remain in Auburn. Petitioner failed to establish that her reason for

seeking to relocate to San Diego, i.e., that her mother would feel more comfortable in that climate and that petitioner would receive emotional support from San Diego relatives as her mother's condition worsens, justified moving the children away from respondent and his extended family (*see, Sawyer v Sawyer,* 242 AD2d 969, 973). Contrary to petitioner's contention, the proposed testimony of the children's therapist was not relevant because there was no indication that she would testify concerning the issue whether the relocation would be in the children's best interests. In addition, petitioner repeatedly testified that respondent is a good father to the children; there was no testimony that he was an inappropriate caretaker for the children (*cf., Matter of McLaughlin v Michaud,* 256 AD2d 1130, 1131). We have considered petitioner's remaining contention and conclude that it is without merit. (Appeal from Order of Cayuga County Family Court, Corning, J.—Custody.) Present—Green, J. P., Pine, Hayes, Scudder and Lawton, JJ.