DONNA FUSS (Now Known as CORNELL), Appellant, v MICHAEL JON FUSS, Respondent. [789 NYS2d 344]—

Appeal from an amended order of the Supreme Court, Monroe County (Joseph D. Valentino, J.), entered March 9, 2004. The amended order denied plaintiff's motion seeking to modify a prior order by changing the primary residence of the parties' two children, granted defendant's cross motion seeking child support and established a schedule of visitation.

It is hereby ordered that the amended order so appealed from be and the same hereby is unanimously modified on the law by vacating the child support provisions and as modified the amended order is affirmed without costs, and the matter is remitted to Supreme Court, Monroe County, for further proceedings in accordance with the following memorandum: Supreme Court properly denied plaintiff's motion seeking to modify an order entered less than two months earlier, determining that it was not in the best interests of the children to relocate with plaintiff to Arizona and granting physical placement of the parties' children to defendant. The children had been residing with

defendant in the Rochester area for more than one year during the pendency of those proceedings, and plaintiff had been residing in Arizona during that period of time. Contrary to the contention of plaintiff, the court properly determined that her relocation from Arizona to the Rochester area does not constitute a substantial change of circumstances sufficient to warrant a hearing on her present motion seeking an order granting physical placement of the children to her. Plaintiff failed to make an evidentiary showing of a change of circumstances reflecting " 'a real need for change to ensure the best interest[s] of the child[ren]' " (*Matter of Di Fiore v Scott*, 2 AD3d 1417, 1417 [2003]; *see generally Matter of Krest v Kawczynski*, 9 AD3d 907, 908 [2004]; *Leisten v Leisten*, 309 AD2d 1202 [2003]).

We agree with plaintiff, however, that in granting defendant's cross motion seeking child support the court erred in imputing income to her based upon information obtained during the relocation hearing. The parties provided the court with current financial information in connection with defendant's present cross motion, and there was no allegation that plaintiff reduced her income in order to avoid her child support obligation (*see* Domestic Relations Law § 240 [1-b] [b] [4], [5] [v]; *cf. Smith v Smith*, 1 AD3d 870, 871-872 [2003]; *Matter of Lutsic v Lutsic*, 245 AD2d 637 [1997]). We therefore modify the amended order accordingly, and we remit the matter to Supreme Court for further proceedings to determine plaintiff's basic child support obligation as of the date of defendant's cross motion (*see Kinsella v Kinsella*, 206 AD2d 889, 890 [1994]). Present—Scudder, J.P., Kehoe, Gorski, Martoche and Smith, JJ.