█ In the Matter of JENNIFER L.B., Appellant, v JARED R.B., Respondent. [821 NYS2d 711]—

Appeal from an order of the Family Court, Genesee County (Eric R. Adams, J.), entered January 18, 2006 in a proceeding pursuant to Family Court Act article 6. The order, among other things, denied the petition seeking to modify the custody and visitation provisions in the judgment of divorce by permitting the children to relocate with petitioner-respondent to Illinois, granted the cross petition and awarded custody of the children to respondent-petitioner.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by denying the cross petition and vacating the third through eighth ordering paragraphs and as modified the order is affirmed without costs.

Memorandum: The parties were married in 1996 and, pursuant to an oral stipulation that was incorporated but not merged in their judgment of divorce in 2001, they agreed to joint legal custody and "shared physical custody" of their two children. Petitioner-respondent (petitioner) appeals from an order deny-

ing her petition pursuant to article 6 of the Family Court Act seeking to modify the custody and visitation provisions in the judgment of divorce by permitting the children to relocate with her to Illinois and granting the cross petition of respondent-petitioner (respondent) to modify the judgment of divorce by awarding him primary physical custody of the children.

In order to establish her entitlement to an order permitting the children to relocate with her, petitioner was required to establish "by a preponderance of the evidence that [the] proposed relocation would serve the child[ren]'s best interests" (*Matter of Tropea v Tropea*, 87 NY2d 727, 741 [1996]). Family Court's determination that the proposed relocation would not be in the children's best interests has a sound and substantial basis in the record and thus will not be disturbed (*see generally Matter of Battaglia v Hopkins*, 280 AD2d 953, 954 [2001]; *White v White*, 209 AD2d 949 [1994], *lv dismissed* 85 NY2d 924 [1995]).

We agree with petitioner, however, that the court erred in granting respondent's cross petition. "It is well established that alteration of an established custody arrangement will be ordered only upon a showing of a change in circumstances which reflects a real need for change to ensure the best interest[s] of the child[ren]" (*Matter of Irwin v Neyland*, 213 AD2d 773, 773 [1995]; *see Fuss v Fuss*, 15 AD3d 949 [2005]; *Matter of Di Fiore v Scott*, 2 AD3d 1417 [2003]). The sole change in circumstances established by the evidence in the record is petitioner's proposed relocation to Illinois, and that proposed relocation does not by itself justify altering the existing custody arrangement inasmuch as petitioner agreed to remain in the area in the event that her petition is denied (*see Matter of Glaser v McFadden*, 287 AD2d 902, 905 [2001]). Consequently, we modify the order by denying respondent's cross petition and vacating the visitation and physical custody provisions. Present—Pigott, Jr., P.J., Scudder, Kehoe, Smith and Green, JJ.