# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**752**
**CAF 11-00204**
PRESENT: SCUDDER, P.J., PERADOTTO, LINDLEY, GREEN, AND GORSKI, JJ.

---

IN THE MATTER OF PAUL A. BUTLER,
PETITIONER-RESPONDENT,

                V                            MEMORANDUM AND ORDER

MARGARET E. HESS, RESPONDENT-APPELLANT.

---

LEONARD G. TILNEY, JR., LOCKPORT, FOR RESPONDENT-APPELLANT.

MICHAEL J. STACHOWSKI, P.C., BUFFALO (MICHAEL J. STACHOWSKI OF COUNSEL), FOR PETITIONER-RESPONDENT.

ELISABETH M. COLUCCI, ATTORNEY FOR THE CHILD, BUFFALO, FOR KATHERINE B.

---

Appeal from an amended order of the Family Court, Erie County (Craig D. Hannah, A.J.), entered April 20, 2010 in a proceeding pursuant to Family Court Act article 6. The amended order, inter alia, continued joint custody and prohibited respondent from relocating from Western New York.

It is hereby ORDERED that the amended order so appealed from is unanimously reversed on the law without costs, respondent's cross petition is granted, and the matter is remitted to Family Court, Erie County, for further proceedings in accordance with the following Memorandum: Petitioner father commenced this proceeding seeking to modify the parties' existing custody arrangement, pursuant to which the parties have joint custody with primary physical residence with respondent mother and visitation with the father. The father sought to prevent the mother from relocating with the child to Pennsylvania and also sought sole custody of the child. The mother filed a cross petition (improperly denominated "petition") in which she sought permission for the child to relocate with her to Pennsylvania, and she now contends on appeal that Family Court erred in denying her cross petition. We agree.

The record establishes that, pursuant to the existing arrangement, the father has visitation with the child on alternate weekends and Sunday overnights on the first Sunday of every month that does not fall within his regular access time. The mother remarried in December 2003, when the child was six years old, and the mother and the child began living with the mother's husband at that time. In December 2006, the mother lost her job as a result of budget cutbacks and, in July 2007, the mother's husband lost his job after his

position was eliminated.  The mother's husband accepted a job in Pennsylvania in October 2007, which is the basis for the mother's cross petition seeking permission to relocate with the child to Pennsylvania to join her husband.  After a hearing, the court, inter alia, denied the mother's cross petition and directed her not to relocate from Western New York, concluding that "there has been no showing by [the m]other of a real need for relocation to ensure the child[]'s best interests," and that the mother had "failed to show sufficient reasons to justify uprooting the child from the only area that she has ever known, . . . when clearly the proposed relocation would qualitatively affect her relation[ship] with the [f]ather."

We conclude that the mother established by the requisite "preponderance of the evidence that [the] proposed relocation would serve the child's best interests" (*Matter of Tropea v Tropea*, 87 NY2d 727, 741; *see Matter of Parish A. v Jamie T.*, 49 AD3d 1322, 1323; *Matter of Jennifer L.B. v Jared R.B.*, 32 AD3d 1174, 1175).  While no single factor is determinative, the Court of Appeals in *Tropea* recognized that "economic necessity . . . may present a particularly persuasive ground for permitting the proposed move" (*id.* at 739; *see Matter of Thomas v Thomas*, 79 AD3d 1829).  Here, the record reflects that the court did not adequately, if at all, consider the financial considerations underlying the requested relocation (*cf. Thomas*, 79 AD3d at 1830; *see generally Parish A.*, 49 AD3d at 1323-1324).  It is undisputed that the mother requested permission to relocate because she and her husband lost their jobs within a relatively short period of time.  The mother's husband testified that both his health insurance, which also covered the mother and the child, and his severance pay ran out in August 2007.  After the mother's husband lost his job, he and the mother depleted their savings and their house was placed into foreclosure.  The mother and her husband testified that they unsuccessfully attempted to locate jobs in Western New York and that the mother's husband accepted the job in Pennsylvania out of financial necessity.

Here, the court based its determination primarily on its conclusion that the relocation would "qualitatively affect" the child's relationship with the father.  That was error, however, because "the need to 'give appropriate weight to . . . the feasibility of preserving the relationship between the . . . parent [without primary physical custody] and [the] child through suitable visitation arrangements' does not take precedence over the need to give appropriate weight to the economic necessity for the relocation" (*Matter of Cynthia L.C. v James L.S.*, 30 AD3d 1085, 1086, quoting *Tropea*, 87 NY2d at 740-741).  In any event, the record establishes that the proposed relocation would not have a substantial impact on the visitation schedule.  The mother and the husband testified that they would transport the child to and from Pennsylvania every other weekend, and they offered to pay for a hotel for the father in Pennsylvania on his off-weekends so that he could exercise additional access with the child.  The mother further testified that the holiday access schedule would remain the same because she and her husband would be returning to Western New York at those times to visit with their respective families, who reside there.  In addition, the

mother's husband purchased video conferencing equipment for his household and the father's household to enable the father and the child to communicate during the week and on the father's off-weekends. Thus, the mother established "the feasibility of preserving the relationship between the [father] and child through suitable visitation arrangements" (*Tropea*, 87 NY2d at 741; *cf. Matter of Webb v Aaron*, 79 AD3d 1761, 1761-1762).

We therefore reverse the amended order and grant the mother's cross petition, and we remit the matter to Family Court to fashion an appropriate visitation schedule. In light of our determination, there is no need to address the mother's further contention with respect to the court's sua sponte award of additional visitation to the father.

Entered:  June 17, 2011                           Patricia L. Morgan
                                                  Clerk of the Court