# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1310**
**CAF 11-01878**
PRESENT: SMITH, J.P., PERADOTTO, CARNI, SCONIERS, AND WHALEN, JJ.

---

IN THE MATTER OF MARIA M. VENUS,
PETITIONER-APPELLANT,

V                                      MEMORANDUM AND ORDER

RYAN BRENNAN, RESPONDENT-RESPONDENT.

---

D.J. & J.A. CIRANDO, ESQS., SYRACUSE (ELIZABETH deV. MOELLER OF
COUNSEL), FOR PETITIONER-APPELLANT.

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (PHILIP ROTHSCHILD OF
COUNSEL), FOR RESPONDENT-RESPONDENT.

DEBORAH A. BELLOMO, ATTORNEY FOR THE CHILD, SYRACUSE, FOR VICTORIA
E.B.

-------------------------------------------------------------------------------

Appeal from an order of the Family Court, Onondaga County (Gina
M. Glover, R.), entered May 20, 2011 in a proceeding pursuant to
Family Court Act article 6.  The order, insofar as appealed from,
denied the petition seeking permission to relocate with the subject
child.

It is hereby ORDERED that the order insofar as appealed from is
unanimously reversed on the law without costs, the petition is
granted, and the matter is remitted to Family Court, Onondaga County,
for further proceedings in accordance with the following Memorandum:
Petitioner mother commenced this proceeding seeking to modify the
parties' joint custody order by granting the mother permission to
relocate from Syracuse to the New York City area with the parties'
child.  Before the commencement of this proceeding, the parties
stipulated that all proceedings seeking modification of the prior
custody order would be determined by a referee or judicial hearing
officer (stipulation), and thus a hearing on this matter was held
before a referee.  Following the hearing, Family Court, inter alia,
denied the mother's petition seeking permission to relocate with the
parties' child.

We agree with the mother that the court's determination lacks a
sound and substantial basis in the record and that she met her burden
of establishing by a preponderance of the evidence that the proposed
relocation is in the child's best interests (*see Matter of Parish A. v
Jamie T.*, 49 AD3d 1322, 1323; *see generally Matter of Tropea v Tropea*,
87 NY2d 727, 740-741).  Here, the mother established by a
preponderance of the evidence that the relocation will benefit the

child economically and emotionally inasmuch as the relocation will increase the mother's earning potential and will enable her to spend more time with the child.  Additionally, the mother has agreed to maintain a visitation schedule that will foster the child's relationship with the father, to transport the child to and from Syracuse, and to pay any related transportation costs (*see Parish A.*, 49 AD3d at 1323; *see also Matter of Butler v Hess*, 85 AD3d 1689, 1690-1691, *lv denied* 17 NY3d 713; *Matter of Scialdo v Cook*, 53 AD3d 1090, 1092).  We therefore reverse the order insofar as it denied the mother's petition seeking permission to relocate with the child, and we remit the matter to Family Court to establish an appropriate visitation schedule for the father.

The mother further contends that the Attorney for the Child (AFC) was ineffective on the grounds that the AFC did not present any witnesses or submit any evidence at the hearing, did not advocate a position in her written closing argument and did not request a *Lincoln* hearing.  We reject that contention.  We conclude that, under the circumstances presented here, the failure of the AFC to present evidence at the hearing, without more, does not constitute ineffective assistance (*see Matter of Grabiel V.*, 59 AD3d 1132, 1133, *lv denied* 12 NY3d 711).  The AFC actively participated in the hearing by cross-examining the parties and witnesses, and there is no requirement that she submit a position in her written closing argument.  Additionally, there is no indication that the AFC would have succeeded in obtaining a *Lincoln* hearing even had she requested one given the age of the child, who was five at the time of the hearing (*see generally Matter of Farnham v Farnham*, 252 AD2d 675, 677).

Finally, the mother's contention that the Referee lacked jurisdiction to hear this matter because the mother was not represented by counsel when she signed the stipulation is without merit inasmuch as there is no requirement that she be represented when signing a stipulation (*see Matter of Stearns v Stearns*, 11 AD3d 746, 747; *see generally Gibson v Gibson*, 284 AD2d 908, 909).

Entered:  February 1, 2013                    Frances E. Cafarell
                                              Clerk of the Court