In related custody and visitation proceedings pursuant to Family Court Act article 6, the mother appeals, as limited by her brief, from so much of an order of the Family Court, Suffolk County (Cheng, J.), dated January 20, 2012, as, after a hearing, denied her petition to modify the custody provisions set forth in *742 a stipulation of settlement dated March 5, 2010, which was incorporated but not merged into the parties’ judgment of divorce entered February 28, 2011, to allow her to relocate from New York to North Carolina with the subject children.
Ordered that the order is affirmed insofar as appealed from, with costs.
The mother and the father are the divorced parents of two young children. In March 2010, the parties stipulated that they would share joint legal custody of the children, the mother would have primary residential custody of the children, and the father would have visitation. The parties were divorced by judgment entered February 28, 2011, and the stipulation was incorporated but not merged into the judgment of divorce. Less than three months later, the mother commenced a proceeding seeking permission to relocate with the children to North Carolina, where her fiancé was living and working. Thereafter, the father petitioned to modify the custody provisions of the stipulation so as to award him primary residential custody of the children. Following a fact-finding hearing, the Family Court denied the mother’s petition, finding that the proposed move was not in the children’s best interests. It also denied the father’s petition. This appeal by the mother ensued.
“To modify an existing custody arrangement, there must be a showing of a change in circumstances, and the determination of the Family Court must have a sound and substantial basis in the record” (.Matter of Englese v Strauss, 83 AD3d 705, 706 [2011]). A parent seeking to relocate bears the burden of establishing by a preponderance of the evidence that the proposed move would be in the children’s best interests (see Bjornson v Bjornson, 38 AD3d 816 [2007]). In determining whether relocation is appropriate, the court must consider a number of factors, including the children’s relationship with each parent, the effect of the move on contact with the noncustodial parent, the potential enhancement to the custodial parent and the children due to the move, and each parent’s motives for seeking or opposing the move (see Matter of Tropea v Tropea, 87 NY2d 727 [1996]).
Here, the record contains a sound and substantial basis for the Family Court’s denial of the mother’s petition for relocation. The testimony at the hearing revealed that, although the mother has been the primary custodial parent, both parents have a close and loving relationship with the children and have taken an active role in their upbringing and well-being. Further, the mother failed to demonstrate that relocation was warranted based on economic necessity. Since the mother failed to demon *743 strate by a preponderance of the evidence that the proposed relocation would be in the children’s best interests, there is no basis to disturb the Family Court’s determination to deny her petition.
Skelos, J.E, Leventhal, Hall and Sgroi, JJ., concur.