# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1410**
**CAF 13-00239**
PRESENT: SMITH, J.P., FAHEY, WHALEN, AND DEJOSEPH, JJ.

---

IN THE MATTER OF MICHAEL HILL,
PETITIONER-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

FARAH FLYNN, RESPONDENT-APPELLANT.

---

D.J. & J.A. CIRANDO, ESQS., SYRACUSE (ELIZABETH deV. MOELLER OF COUNSEL), FOR RESPONDENT-APPELLANT.

TERESA M. PARÉ, ATTORNEY FOR THE CHILD, CANANDAIGUA.

---------------------------------------------------------------------------------------------------------

Appeal from an order of the Family Court, Yates County (W. Patrick Falvey, J.), entered January 22, 2013. The order, inter alia, denied the cross petition of respondent seeking permission to relocate with the parties' child to Tennessee.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Respondent mother appeals from an order that, inter alia, denied her cross petition seeking permission to relocate with the parties' child to Tennessee. Initially, we reject the contention of the Attorney for the Child that the appeal is moot based on a subsequent order entered in a different proceeding in which Family Court merely reiterated its determination denying the mother's request to relocate with the child.

Upon our review of the evidence at the fact-finding hearing, we conclude that the court properly considered the factors set forth in *Matter of Tropea v Tropea* (87 NY2d 727, 740-741) in determining that the mother failed to meet her burden of establishing by a preponderance of the evidence that the proposed relocation is in the child's best interests, and that its determination has "a sound and substantial basis in the record" (*Matter of Murphy v Peace*, 72 AD3d 1626, 1627).

In considering the factors set forth in *Tropea*, the court properly determined that the child's relationship with the father would be adversely affected by the proposed relocation because of the distance between Yates County and Tennessee, and that the mother failed to establish that the child's life would "be enhanced economically, emotionally and educationally" by the proposed relocation (*id.* at 741). Indeed, we note that the main factor upon

which the mother relied in her request for the relocation was economic necessity, but she failed to establish that the employment that she was offered in Tennessee would last for any significant period of time, and she also failed to establish that she did not have similar opportunities in New York (*see Matter of Knight v Knight*, 105 AD3d 741, 742; *Matter of Rose v Buck*, 103 AD3d 957, 961; *cf. Matter of Butler v Hess*, 85 AD3d 1689, 1690, *lv denied* 17 NY3d 713).

Entered:  February 6, 2015                    Frances E. Cafarell
                                              Clerk of the Court