# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**81**

**CAF 14-00781**

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, SCONIERS, AND DEJOSEPH, JJ.

---

IN THE MATTER OF JILLIAN N. NEWMAN,
PETITIONER-RESPONDENT,

V                                                        MEMORANDUM AND ORDER

MICHAEL A. DUFFY, RESPONDENT-APPELLANT.

---

LAW OFFICE OF KEITH B. SCHULEFAND, WILLIAMSVILLE (ROSS S. GELBER OF COUNSEL), FOR RESPONDENT-APPELLANT.

JASON R. DIPASQUALE, BUFFALO, FOR PETITIONER-RESPONDENT.

JESSICA L. VESPER, ATTORNEY FOR THE CHILD, BUFFALO.

---

Appeal from an order of the Family Court, Erie County (Paul G. Buchanan, J.), entered July 16, 2013 in a proceeding pursuant to Family Court Act article 6. The order, among other things, granted petitioner permission to relocate with the parties' child.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Contrary to respondent father's contention, Family Court properly granted the petition pursuant to which petitioner mother sought to modify an order of custody and visitation and permitted her to relocate with the parties' child to Massachusetts. We conclude that the court properly considered the *Tropea* factors (*see Matter of Tropea v Tropea*, 87 NY2d 727, 740-741) in determining that the relocation is in the best interests of the child. Here, the mother's husband, who is in the Coast Guard, received orders transferring him to Massachusetts. "Although he chose to . . . remain in the [Coast Guard], that choice provided him with stability in employment in turbulent economic times, as well as benefits including health insurance for his family" (*Matter of Adams v Bracci*, 91 AD3d 1046, 1047, *lv denied* 18 NY3d 809). Further, both the mother and her husband testified that they expected substantial salary increases after the transfer (*see Matter of Canady v Binette*, 83 AD3d 1551, 1551-1552). "[E]conomic necessity . . . may present a particularly persuasive ground for permitting the proposed move" (*Tropea*, 87 NY2d at 739), and the mother established that the relocation was justified by such economic necessity. In addition, although the relocation will affect the frequency of the father's visitation, the mother agreed to maintain and facilitate a visitation schedule that will afford the father extensive contact with the child (*see Matter of Venus v*

*Brennan*, 103 AD3d 1115, 1116).  Finally, even assuming, arguendo, that the court erred in admitting "largely irrelevant evidence relating to [the father's] character," we conclude that such error was harmless (*Matter of Sade B. [Scott M.]*, 103 AD3d 519, 520).

Entered:  February 13, 2015                    Frances E. Cafarell
                                               Clerk of the Court