# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**178**
**CAF 14-01937**
PRESENT: CARNI, J.P., LINDLEY, DEJOSEPH, NEMOYER, AND TROUTMAN, JJ.

---

IN THE MATTER OF NICHOLE M. HIRSCHMAN,
PETITIONER-APPELLANT,

V                                    MEMORANDUM AND ORDER

PATRICK R. MCFADDEN, RESPONDENT-RESPONDENT.

---

CHARLES J. GREENBERG, AMHERST, FOR PETITIONER-APPELLANT.

JACQUELINE M. GRASSO, ATTORNEY FOR THE CHILD, BATAVIA.

---------------------------------------------------------------------------------

Appeal from an order of the Family Court, Genesee County (Eric R. Adams, J.), entered October 1, 2014 in a proceeding pursuant to Family Court Act article 6. The order dismissed the petition.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: In this proceeding pursuant to Family Court Act article 6, petitioner mother appeals from an order that dismissed her petition seeking permission to relocate with the parties' child to Florida. We affirm. Based on our review of the evidence at the fact-finding hearing, we conclude that Family Court properly considered the factors set forth in *Matter of Tropea v Tropea* (87 NY2d 727, 740-741) in determining that the mother failed to meet her burden of establishing by a preponderance of the evidence that the proposed relocation is in the child's best interests, and we further conclude that the court's determination has " 'a sound and substantial basis in the record' " (*Matter of Hill v Flynn*, 125 AD3d 1433, 1434, *lv denied* 25 NY3d 910). The court properly determined that the mother "failed to establish that the child's life would 'be enhanced economically, emotionally and educationally' by the proposed relocation" (*id.*). Indeed, although the mother asserted financial reasons for the proposed relocation, she failed to present any proof of her purported job offer and, moreover, she failed to establish that any employment she was offered in Florida would be anything more than temporary (*see id.; Matter of Yaddow v Bianco*, 115 AD3d 1338, 1339). In addition, while the mother testified that the child could receive a superior education upon relocation, "she failed to offer any proof from which [the court] reasonably could conclude that the [Florida] school system was a significant improvement over the school system in [New York]" (*Matter of Batchelder v BonHotel*, 106 AD3d 1395, 1397; *see Matter of Guiffrida v Adams*, 277 AD2d 948, 948). In addition, compared to the support the mother and the child receive by residing with the maternal

grandmother in New York, we conclude that the mother failed to establish that she and the child would receive similar support in Florida, where the nearest family member would be over an hour away (*see Matter of Anne S. v Peter S.*, 92 AD3d 483, 484; *Matter of Webb v Aaron*, 79 AD3d 1761, 1761-1762).  Finally, the court considered the fact that respondent father had failed to fully avail himself of his visitation rights, but the court nevertheless properly concluded that the mother lacked a feasible plan for preserving the relationship between the father and the child inasmuch as her proposed visitation arrangement upon relocation was unlikely to materialize given her uncertain employment and the lack of financial resources necessary to facilitate the child's transportation to New York (*see generally Tropea*, 87 NY2d at 740-741; *Matter of Kirshy-Stallworth v Chapman*, 90 AD3d 1189, 1191-1192).

Entered:  March 18, 2016                    Frances E. Cafarell
                                            Clerk of the Court