■ In the Matter of FALISHA FLEISHER, Respondent, v DAVID B. FLEISHER, Appellant. [56 NYS3d 406]—

Appeal from an order of the Family Court, Monroe County (Julie A. Gordon, Ref.), entered June 14, 2016 in a proceeding pursuant to Family Court Act article 6. The order, among other things, granted the petition of Falisha Fleisher to relocate with the subject child from Monroe County to Orleans County.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Petitioner mother commenced this proceeding seeking permission to relocate with the parties' only child from Brockport in Monroe County to Albion in Orleans County, a distance of 13 to 14 miles. Respondent father appeals from an order that granted the mother's petition to relocate and, inter

alia, placed upon the mother more of the responsibility for transporting the child between residences. The order continued in effect the terms of the prior order setting forth the father's right to "have regular periods of residency with the child every weekend from Friday at 4:30 pm to Monday at 7:00 am" and on the father's share of holidays.

Factors to consider in assessing a parent's request to relocate include "each parent's reasons for seeking or opposing the move, the quality of the relationships between the child and [each parent], the impact of the move on the quantity and quality of the child's future contact with the noncustodial parent, the degree to which the custodial parent's and child's life may be enhanced economically, emotionally and educationally by the move, and the feasibility of preserving the relationship between the noncustodial parent and the child through suitable visitation arrangements" (*Matter of Tropea v Tropea*, 87 NY2d 727, 740-741 [1996]; *see Matter of Holtz v Weaver*, 94 AD3d 1557, 1557 [2012]). "[E]ach relocation request must be considered on its own merits with due consideration of all the relevant facts and circumstances and with predominant emphasis being placed on what outcome is most likely to serve the best interests of the child" (*Tropea*, 87 NY2d at 739).

In affirming the order, we conclude that "the mother established by the requisite preponderance of the evidence that the proposed relocation was in the child's best interests" (*Matter of Mineo v Mineo*, 96 AD3d 1617, 1618 [2012]). We further conclude that Family Court properly weighed the *Tropea* factors in permitting the move. Among the reasons cited in support of the move were the mother's need for mental health treatment, which the prior order in fact directed her to continue, and the much easier access that she would have to such treatment in Albion as opposed to Brockport. The mother further demonstrated that she would have better access to vocational rehabilitation programs, including a job training workshop in Albion, opportunities denied to her in Monroe County because of her lack of transportation and mental health history. The mother also testified to certain other financial benefits of the move. In contrast, the father's reasons for opposing the move were unfounded and arbitrary and, indeed, were appropriately deemed by the court to be outweighed by other factors. Concerning the potential for the move to interfere with the relationship, including meaningful access, between the father and the child, we note that the court determined that the permitted relocation would not negatively impact the father's visitation time or otherwise interfere with his important role in the child's life.

We reject the father's further contention that the court abused its discretion in permitting the mother to consult with her attorney during a break in the direct examination of the mother. The cases on which the father relies, which place limitations upon a court's discretion to restrict consultations between a litigant and his or her attorney during trial, and more particularly during breaks in the testimony of that litigant (*see Matter of Jaylynn R. [Monica D.],* 107 AD3d 809, 810-811 [2013]; *see also People v Joseph,* 84 NY2d 995, 997-998 [1994]), do not place restrictions on the court's discretion to permit such consultations (*see People v Branch,* 83 NY2d 663, 666-667 [1994]; *see also Geders v United States,* 425 US 80, 86-91 [1976]). Present—Centra, J.P., Lindley, DeJoseph, NeMoyer and Troutman, JJ.