Matter of Betts v Moore (2020 NY Slip Op 06907)





Matter of Betts v Moore


2020 NY Slip Op 06907


Decided on November 20, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 20, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, TROUTMAN, BANNISTER, AND DEJOSEPH, JJ.


959 CAF 18-02347

[*1]IN THE MATTER OF LINDSAY R. BETTS, PETITIONER-APPELLANT,
v
WAYNE E. MOORE, RESPONDENT-RESPONDENT. 






CARA A. WALDMAN, FAIRPORT, FOR PETITIONER-APPELLANT.


 Appeal from an order of the Family Court, Ontario County (Brian D. Dennis, J.), entered August 31, 2018 in a proceeding pursuant to Family Court Act article 6. The order, insofar as appealed from, granted respondent's motion to dismiss the petition. 
It is hereby ORDERED that the order insofar as appealed from is unanimously reversed on the law without costs, the motion is denied, the petition is reinstated, and the matter is remitted to Family Court, Ontario County, for further proceedings in accordance with the following memorandum: In this proceeding pursuant to Family Court Act article 6, petitioner mother appeals from that part of an order granting respondent father's motion to dismiss her petition seeking permission to relocate with the subject child from Ontario County to Monroe County.
On the mother's previous appeal from an order dismissing a prior petition seeking, inter alia, the same relief, we concluded that Family Court erred in dismissing the prior petition because the mother, upon a relocation petition, was not required "to establish a change in circumstances sufficient to warrant . . . a modification of the existing order of custody and visitation" (Matter of Betts v Moore, 175 AD3d 874, 874 [4th Dept 2019]). We nevertheless affirmed the order upon concluding, based on our review of the evidence from the hearing and the factors set forth in Matter of Tropea v Tropea (87 NY2d 727, 739-741 [1996]), that the mother failed to establish that the best interests of the child were served by the proposed relocation (see Betts, 175 AD3d at 875).
While the mother's previous appeal was pending, she filed the petition at issue on this appeal, alleging that the child's best interests would be served by permitting the relocation because, among other things, the child had been accepted into an advanced ballet school in Monroe County that would require significant weekly commute times from their current residence and the mother was working at a job, also in Monroe County, that offered advancement possibilities that were being negatively impacted by the mother's commute. The child supported the mother's relocation request. The court granted the father's motion to dismiss the petition on the ground that the new petition suffered from the same flaw as the original petition, i.e., that there had been no change in circumstances. Our determination of the mother's previous appeal was released shortly after the court issued its decision.
We agree with the mother that the court erred in dismissing the petition without a hearing, and we therefore reverse the order insofar as appealed from. To survive a motion to dismiss, the mother's petition was required to allege facts sufficient to " 'establish[ ] the need for a hearing on the issue whether [her] relocation is in the best interests of the child' " (Matter of Johnston v Dickes, 178 AD3d 1454, 1455 [4th Dept 2019]), i.e., "that the child's life would 'be enhanced economically, emotionally and educationally' by the proposed relocation" (Matter of Hill v Flynn, 125 AD3d 1433, 1434 [4th Dept 2015], lv denied 25 NY3d 910 [2015]).
Here, the mother alleged that she had specific employment advancement opportunities at [*2]her job in Monroe County, and "economic necessity . . . may present a particularly persuasive ground for permitting the proposed move" (Tropea, 87 NY2d at 739; see Matter of Butler v Hess, 85 AD3d 1689, 1690 [4th Dept 2011], lv denied 17 NY3d 713 [2011]). In addition, the mother alleged that the relocation would enhance the child's extracurricular activities, a factor that may support a relocation (see Matter of James TT. v Shermaqiae UU., 184 AD3d 975, 977 [3d Dept 2020]; cf. Matter of Southammavong v Sisen, 141 AD3d 905, 906 [3d Dept 2016]). In addition, the Attorney for the Child indicated that the child favored the relocation, another factor that may support a relocation petition (see Matter of Cindy F. v Aswad B.S., 176 AD3d 549, 550-551 [1st Dept 2019], lv denied 35 NY3d 903 [2020]). Consequently, the petition sufficiently alleged that the relocation would be in the child's best interests (see generally Johnston, 178 AD3d at 1455), and the court erred in dismissing it on the ground that it did not. Finally, to the extent that the decision indicates that the court dismissed the petition on the ground that the mother failed to allege a sufficient change in circumstances, that was error (see Betts, 175 AD3d at 874-875).
Entered: November 20, 2020
Mark W. Bennett
Clerk of the Court