Gasdik v Winiarz (2020 NY Slip Op 06918)





Gasdik v Winiarz


2020 NY Slip Op 06918


Decided on November 20, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 20, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CURRAN, TROUTMAN, AND DEJOSEPH, JJ.


1046 CAF 19-01877

[*1]IN THE MATTER OF JOSHUA J. GASDIK, PETITIONER-RESPONDENT,
v
HEATHER WINIARZ, RESPONDENT-APPELLANT. 






ERICKSON WEBB SCOLTON & HAJDU, LAKEWOOD (LYLE T. HAJDU OF COUNSEL), FOR RESPONDENT-APPELLANT. 
EMILY A. VELLA, SPRINGVILLE, FOR PETITIONER-RESPONDENT.
JENNIFER M. LORENZ, ORCHARD PARK, ATTORNEY FOR THE CHILD. 


 Appeal from an order of the Family Court, Cattaraugus County (Judith E. Samber, R.), entered September 11, 2019 in a proceeding pursuant to Family Court Act article 6. The order, inter alia, granted the petition for permission to relocate with the subject child. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying the petition and vacating the 4th through 16th ordering paragraphs, and as modified the order is affirmed without costs, and the matter is remitted to Family Court, Cattaraugus County, for further proceedings in accordance with the following memorandum: In this proceeding pursuant to Family Court Act article 6, respondent mother appeals from an order that, inter alia, granted petitioner father's petition for permission to relocate with the subject child to the State of North Carolina. We agree with the mother that Family Court erred in determining that the father met his burden of establishing by a preponderance of the evidence that the proposed relocation is in the child's best interests, and we thus conclude that the court's determination lacks a sound and substantial basis in the record (cf. Matter of Hill v Flynn, 125 AD3d 1433, 1434 [4th Dept 2015], lv denied 25 NY3d 910 [2015]).
In Matter of Tropea v Tropea (87 NY2d 727 [1996]), the Court of Appeals set forth the factors that should be considered in determining an application to relocate and emphasized that "no single factor should be treated as dispositive or given such disproportionate weight as to predetermine the outcome" (id. at 738). The best interests of the child are the predominant concern and, in making that determination, consideration and appropriate weight must be given to all of the relevant factors (see Matter of Fleisher v Fleisher, 151 AD3d 1768, 1769 [4th Dept 2017], lv denied 30 NY3d 901 [2017]).
In its decision, the court considered the relevant Tropea factors but erred in applying those factors to the facts and circumstances in the case at bar. Contrary to the court's determination, the father "failed to establish that the child's life would be enhanced economically, emotionally and educationally by the proposed relocation" (Matter of Shepherd v Stocker, 159 AD3d 1441, 1442 [4th Dept 2018] [internal quotation marks omitted]; see Matter of Betts v Moore, 175 AD3d 874, 875 [4th Dept 2019]; Matter of Eason v Bowick, 165 AD3d 1592, 1592 [4th Dept 2018], lv denied 32 NY3d 912 [2019]). While the father established that he will enjoy greater economic job opportunities in North Carolina, those nominal financial gains will be negated by the greater cost of living in the area of North Carolina where he will be relocating. Additionally, as noted by the court, the father had unrealistic goals for housing in North Carolina. Notably, the father testified that he was presently paying monthly rent of $900 for a home in Olean, New York, but wanted to purchase a home in North Carolina for between $200,000 and $250,000. He acknowledged that he could not afford a home within that price range on his own and would need the financial assistance of family, his employer, and his fiancée. There is no [*2]evidence in the record, however, that anyone had committed to providing that needed assistance or had the financial ability to do so. The father also failed to establish that the child would receive a better education in North Carolina inasmuch as there is no evidence in the record comparing the schools in North Carolina to those in Olean, New York (see Betts, 175 AD3d at 875; Shepherd, 159 AD3d at 1442; Matter of Hirschman v McFadden, 137 AD3d 1612, 1613 [4th Dept 2016], lv denied 27 NY3d 909 [2016]). Furthermore, the father admitted that he had "zero" family living in North Carolina. On the other hand, the father's mother currently lives in Olean, New York, and the father's aunt lives nearby in Wellsville, New York. The maternal grandmother, great-grandmother and great-grandfather all live in Olean, New York. The father therefore failed to establish that he and the child would receive similar support residing in North Carolina (see Hirschman, 137 AD3d at 1613). In our view, the only factor that fully supported the father's request for relocation was a "fresh start," away from Olean, New York, where he and the mother struggled with an opiate addiction. That factor, standing alone, is insufficient to warrant relocation (see Matter of Jones v Tarnawa, 26 AD3d 870, 871 [4th Dept 2006], lv denied 6 NY3d 714 [2006]).
In view of our determination, the court's visitation schedule must be revisited inasmuch as it was based upon the child's relocation to North Carolina. We therefore modify the order by denying the petition and vacating the 4th through 16th ordering paragraphs, and we remit the matter to Family Court to fashion an appropriate visitation schedule with the father in Olean, New York and the mother in Hamburg, New York.
Entered: November 20, 2020
Mark W. Bennett
Clerk of the Court