Matter of Jiggetts v Thomas (2025 NY Slip Op 02504)

Matter of Jiggetts v Thomas

2025 NY Slip Op 02504

Decided on April 25, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 25, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., BANNISTER, GREENWOOD, NOWAK, AND HANNAH, JJ.

367 CAF 24-00019

[*1]IN THE MATTER OF NIASIA S. JIGGETTS, PETITIONER-APPELLANT,
v
RAJEA S. THOMAS, SR., RESPONDENT-RESPONDENT. 

LAW OFFICE OF VERONICA REED, SCHENECTADY (VERONICA REED OF COUNSEL), FOR PETITIONER-APPELLANT.
KELIANN M. ARGY, ORCHARD PARK, FOR RESPONDENT-RESPONDENT. 
MINDY L. MARRANCA, BUFFALO, ATTORNEY FOR THE CHILD. 
DEBORAH K. JESSEY, CLARENCE, ATTORNEY FOR THE CHILD. 

 Appeal from an order of the Family Court, Genesee County (Thomas D. Williams, J.), entered December 13, 2023, in a proceeding pursuant to Family Court Act article 6. The order dismissed the petition seeking permission to relocate with two of the parties' children. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to Family Court Act article 6, petitioner mother appeals from an order that dismissed her petition seeking permission to relocate with two of the parties' children (subject children) to North Carolina. We affirm.
Based on our review of the evidence at the fact-finding hearing, we conclude that Family Court properly considered the factors set forth in Matter of Tropea v Tropea (87 NY2d 727, 740-741 [1996]) in determining that the mother failed to meet her burden of establishing by a preponderance of the evidence that the proposed relocation is in the subject children's best interests (see Matter of Williams v Luczynski, 134 AD3d 1576, 1576 [4th Dept 2015]). The court properly determined that the mother "failed to establish that the [subject] child[ren]'s li[ves] would 'be enhanced economically, emotionally and educationally' by the proposed relocation" (Matter of Hill v Flynn, 125 AD3d 1433, 1434 [4th Dept 2015], lv denied 25 NY3d 910 [2015]; see Matter of Shepherd v Stocker, 159 AD3d 1441, 1442 [4th Dept 2018]). At the hearing, the mother testified that she was attending community college and was receiving public assistance in New York. Her proposed plan was to transfer to a college in North Carolina but she had not applied to any college in that state nor had she conducted any investigation of financial assistance there. Additionally, while the mother testified that she and the subject children would reside with the maternal grandmother, she submitted no proof of her mother's ability to support her financially and declined to disclose her mother's income or employment information. The mother also failed to establish that the subject children would receive a better education in North Carolina (see Gasdik v Winiarz, 188 AD3d 1760, 1761 [4th Dept 2020]). Finally, the court properly concluded that the mother lacked a feasible plan for preserving the relationships between respondent father and the subject children and between the subject children and their brother inasmuch as her proposed visitation arrangement upon relocation required the father, who did not have a motor vehicle, to provide transportation to and from North Carolina (see Matter of Hirschman v McFadden, 137 AD3d 1612, 1613 [4th Dept 2016], lv denied 27 NY3d 909 [2016]). Inasmuch as the court's determination that the best interests of the subject children will not be served by permitting the mother to relocate with them to North Carolina is supported by a sound and substantial basis in the record, it will not be disturbed (see Williams, 134 AD3d at [*2]1576).
Entered: April 25, 2025
Ann Dillon Flynn
Clerk of the Court